Daniels, J.
The relief which the plaintiff desires to secure by the prosecution of this action is the specific performance of a contract for the sale and conveyance of real estate. This contract was subscribed by the defendant, and all that was stated in it is that:
“New York, Feb. 28, 1887.
“I have this day sold to Thomas 0. Jones my three lots on the south side of Eighty-fifth street, one hundred feet east of Tenth avenue, for the sum of $23,500; $500 to be paid on contract; contract to be signed the first pleasant day; $4,500 on taking title and the balance, $18,500, at five per cent on or before two years.
“A. ANDREAS,
“157 W. Eighty-fifth street.
“Witness:
“O. S. Delavan,
“ J. S. Robinson.”
The objection which was made by the demurrer was that the complaint did not state facts sufficient to present a cause of action, and this alleged deficiency arose upon the language set forth in the complaint.. By this instrument, which to be valid was required by the statute to be in writing, it was left entirely uncertain when the first installment of $500 was to be paid by the plaintiff. No certain time, nor any time that could be made certain, was provided for the payment, but it was to be made when a further contract for 'the sale of the property should be signed, and that was to be done only on the first pleasant day. What such a day might be, or when it might follow the execution of the contract was left wholly uncertain. Neither was it prescribed to what extent the day should be *364 pleasant to meet this stipulation and render it obligatory upon the. parties to enter into a contract for the sale of the property, and for the plaintiff to pay this sum of $500. The further sum of $4,500 was made payable on taking the title to the property, but when that title should be taken was obviously left to be declared by the contract to be signed on the first pleasant day. The memorandum on which the action has been brought failed to disclose when the title was to be taken and this sum of money was expected to be paid.
But that it was not to be paid before the further contract was made and signed has been clearly made to appear by the memorandum. Whether the balance of $18,500 was to remain as a simple unsecured indebtedness against the plaintiff, or was to be secured by a mortgage on the property, has also been left wholly uncertain and indefinite and was probably designed to be regulated and declared by the contract which it was the purpose of this agreement to obligate the parties to sign.
The authorities relied upon in support of the action by the plaintiff’s counsel are not applicable to this case. For in the instances which have been mentioned, where it was contemplated and expected that a further agreement would be; but was not made, between the parties, all the terms on which the property was to be conveyed were fixed and accepted. They left nothing to be afterwards arranged, except to put those terms in a more complete and formal statement. While here the essential obligations to be performed by the purchaser were evidently intended to be first declared and adjusted in the formal and future contract to' be drawn and signed by these parties. Those cases, therefore, are not authorities in any manner sustaining the right of the plaintiff to maintain this action for the specific performance of this memorandum of the agreement of the parties. It has been left materially deficient and uncertain, and incapable of being carried into effect in the mode proposed by the action, without the court making another and different agreement for the defendant, without knowing-what he intended that agreement should be. No such authority has been vested in courts of justice, but they are bound to take the contracts of the parties as they have made them. And if they have been left in so uncertain a condition that it cannot be determined what was to be done to consummate their performance, the agreement cannot be specifically performed. Buckmaster v. Thompson, 36 N. Y., 558.
The well settled rule relating to this class of cases is that, the contract, of which performance is sought, must be clearly proved, and its terms should be so specific and definite as to- *365 leave no reasonable doubt of their meaning.” Parsons on Con’s, 3d ed., 354.
Stanton v. Miller (58 N. Y., 192), where it was held to be "An elementary principal governing courts of equity in the exercise of this jurisdiction that a contract will not be specifically enforced unless it is certain in its “ terms, or can be made certain by reference to such extrinsic facts as may, within the rules of law, be referred to to ascertain its meaning.” Id., 200. And as this contract cannot be made certain by reference to any extrinsic facts to which the court is at liberty to refer, the case is within the control of this principle. And that has also been maintained by Shakespeare v. Markham, 72 N. Y., 400. This was an agreement for the sale of lands, and it was required by the statute to be in writing to make it obligatory.
This writing presents no such agreement as can be enforced by an action for its specific performance. The judgment was consequently right, and it should be affirmed with costs.
Van Brunt, Ch. J., and Brady, J., concur.