Points Decided.

(February 23, 1923.)

JOCELYN O. GARDINER, ROSEMARY GARDINER, JAMES T. GARDINER, Jr., JOHN R. GARDINER, and MABEL E. GARDINER, Minors by Their Guardian ad Litem, A. A. FARIS, Respondents, v. JAMES T. GARDINER, Sr., Appellant.

[214 Pac. 219.]

QUIETING TITLE—UNRECORDED DEED—LATER DEED RECORDED BUT WITHOUT VALUABLE CONSIDERATION—WRITTEN AGREEMENT SIGNED BY ONE PARTY—ACCEPTANCE BY OTHER—DELIVERY OF DEED IN ESCROW—FULFILMENT OF CONDITIONS—TAKING EFFECT OF DEED—CONDITION REDUCED TO WRITING — ORAL AGREEMENT PRESCRIBING OTHER CONDITIONS INADMISSIBLE.

1. If a deed takes effect it is not affected by the subsequent delivering and recording of a deed to another party without a valuable consideration.

2. A *memorandum of agreement, signed by one party only,* binds the other party and becomes a valid agreement if he accepts the writing.

3. Where a deed is delivered in escrow with an agreement that it shall take effect upon the fulfilment of certain conditions by the grantee, it takes effect when these conditions are fulfiled, even though actual delivery has not been made to the grantee.

4. Where one of the conditions of an escrow agreement is a joint request for the delivery of the deed by the grantee and another party, a conveyance to the grantee of the interest of such other party obviates the necessity of a request by the latter.

5. Where a written escrow agreement sets forth the conditions upon which a deed shall be delivered, it will be deemed to contain the entire agreement, and a prior or contemporaneous oral agreement prescribing different or additional conditions is not admissible.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to quiet title, with cross-complaint. Judgment for plaintiffs. *Reversed.*

J. T. Pence, for Appellant.

Second sale not valid where no consideration paid. (39 Cyc. 1241; 13 Cyc. 736; *Burrage v. Beardsley,* 16 Ohio, 438, 47 Am. Dec. 382; *Stephenson v. Deuel,* 125 Cal. 656, 58 Pac. 258; *Ten Eyck v. Witbeck,* 135 N. Y. 40, 31 Am. St. 815, 31 N. E. 994; *Evans v. Templeton,* 69 Tex. 375, 5 Am. St. 71, 6 S. W. 843; *Blanchard v. Tyler,* 12 Mich. 339, 86 Am. Dec. 57.)

Deeds constructively delivered. (21 C. J. 888; *Cannon v. Hadley,* 72 Cal. 133, 13 Pac. 318; *Shirley v. Ayres,* 14 Ohio, 307, 45 Am. Dec. 546; *Gammon v. Bunnell,* 22 Utah, 421, 64 Pac. 958; *Davis v. Clark,* 58 Kan. 100, 48 Pac. 563; *State Bank. v. Evans,* 15 N. J. L. 155, 28 Am. Dec. 400; *Guild v. Althouse,* 71 Kan. 604, 81 Pac. 172.; *Neal v. Owings,* 108 Kan. 73, 194 Pac. 324.)

Cannot vary terms of deed by proof of oral agreement. (*Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464; 22 C. J. 1121, 1122; *Skinner v. Hendrick,* 1 Root (Conn.), 253, 1 Am. Dec. 43; *Green* v. *Consolidated Wagon etc. Co.,* 30 Ida. 359, 164 Pac. 1016; *Irvin v. Irvin,* 142 Pa. St. 271, 21 Atl. 816; *Cox v. Reed,* 113 Miss. 488, 11 A. L. R. 5, 74 So. 330; 3 Jones on Evidence, sec. 454; *Mann v. Brady,* 80 Okl. 299, 196 Pac. 346; *Shannon v. Prall,* 115 Wash. 106, 196 Pac. 635; *Lamb v. Otto,* 51 Cal. App. 433, 197 Pac. 147; *Vaughn v. Smith,* 82 Okl. 244, 195 Pac. 754; *Samuelson v. Palmer,* 96 Kan. 587, 152 Pac. 627; *People v. Orekar,* 22 N. M. 307, 161 Pac. 1110; *Spaulding v. Howard* (Okl.), 152 Pac. 106; *McGehee v. Curran,* 49 Cal. App. 186, 193 Pac. 277; *Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572; Elliott on Evidence, sec. 578; *Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Froman v. Madden,* 13 Ida. 138; C. S., secs. 7974, 7976, 8476.)

"An agreement in writing which is neither ambiguous nor uncertain and expresses all the conditions on which a note is held in escrow, cannot be varied nor contradicted by proof of a contemporaneous oral agreement where it is clear that

the writing was intended to define and fix the rights and liabilities of the parties." (*Pacific Nat. Bank v. San Francisco*, 23 Wash. 425, 63 Pac. 207.)

"Thus where the parties have deliberately put their engagements in writing in such terms as to import a legal obligation without any uncertainty as to the object or extent of such engagements, the writing is presumed to contain the entire contract and all the prior and contemporaneous negotiations are merged therein and cannot be shown by parol evidence." (Elliott on Evidence, sec. 570.)

S. L. Tipton and Walter Griffiths, for Respondents.

No estate vested in the defendant Gardiner and Rose B. Gardiner by the deed placed in escrow bearing date of October 17, 1918. (C. S., sec. 5381; secs. 1057, 1110, Kerr's Civ. Code Cal.)

There could be no estate in Gardiner until all of the conditions of the escrow agreement were performed. (Devlin on Deeds, sec. 321; *Been v. McKueick*, 10 Cal. 538; *Dyson v. Bradshaw*, 23 Cal. 528; *Smith v. South Royalton Bank*, 32 Vt. 341, 76 Am. Dec. 179; *Dixon v. Bristol Savings Bank*, 102 Ga. 461, 66 Am. St. 193, 31 S. E. 96.)

"Parol evidence is admissible to show other conditions than those contained in the writing." (*Manning v. Foster*, 49 Wash. 541, 96 Pac. 223, 18 L. R. A., N. S., 337, and note; *Fred v. Fred* (N. J. Ch.), 50 Atl. 776; *Diekman v. Arnold*, 71 Mich. 656, 40 N. W. 42; *Golden v. Meier*, 129 Wis. 14, 116 Am. St. 935, 107 N. W. 27; *Bowers v. Cottrell*, 15 Ida. 221, 96 Pac. 936; *McCormick Harvester Co. v. Morlan*, 121 Iowa, 451, 96 N. W. 976; 3 Jones on Evidence, sec. 471, 477; *Ware v. Allen*, 128 U. S. 590, 9 Sup. Ct. 174, 32 L. ed. 563; *Hulburt v. Dusenberry*, 26 Colo. 240, 57 Pac. 860; *Burke v. Dulaney*, 153 U. S. 228, 14 Sup. Ct. 816, 39 L. ed. 698; *Hartford Fire Ins. Co. v. Wilson*, 187 U. S. 467, 23 Sup. Ct. 189, 47 L. ed. 261.)

"The conditions upon which a deed is delivered in escrow may be partly in writing and in part oral." (*Stanton v. Miller*, 58 N. Y. 192; *Manning v. Foster, supra; Golden v.*

*Meier, supra; Gaston v. City of Portland,* 16 Or. 255, 19 Pac. 127.)

McCARTHY, J.—This is an action brought by respondents through their guardian *ad litem* to quiet their title to 80 acres of land. Appellant, in addition to his answer, filed a cross-complaint in which he seeks to quiet his title to the same land. Respondent and Rose B. Gardiner were husband and wife. They were endeavoring to divide the community property. Respondents are their minor children. Mary O'Roke is the mother of Rose B. Gardiner and grandmother of respondents. On October 17, 1918, Mary O'Roke executed and acknowledged a warranty deed to the 80 acres in question to appellant, reciting a consideration of $855, and deposited the same in escrow with the Boise City National Bank in an envelope on the outside of which was indorsed the following escrow agreement, to wit:

"ESCROW AGREEMENT.

"Boise City National Bank.

"This envelope contains a deed from Mary O'Roke, a widow, grantor to James T. Gardiner and Rose B. Gardiner, grantees. It is to be delivered to the grantees upon two conditions which are as follows:

"First: That James T. Gardiner on or before March 1, 1919 deposit to the credit of Mary O'Roke in your bank the sum of $855.00.

"Secondly: That after said deposit is made said James T. Gardiner and Rose B. Gardiner, shall jointly request the delivery of said deed to them and shall receipt you for the same.

"If said deposit is made as above provided then you are to hold said deed until the delivery thereof is jointly requested by the grantees.

"Dated this 17th day of Oct. 1918.

"MARY O'ROKE."

Appellant complied with the first condition of the escrow agreement by paying Mrs. O'Roke the $855 on November 4,

1918. About May 8, 1919, Rose B. Gardiner executed and acknowledged a warranty deed conveying to appellant all her interest in the said 80 acres and deposited it in escrow with Martin and Martin, attorneys at Boise, Idaho, with directions to deliver it to appellant when final proof was made on the land. In the fall of 1919 final proof was made. Appellant and Rose B. Gardiner were living apart at the time, and the execution and delivery of this deed was a part of an attempted settlement of their property rights. On February 10, 1920, after the $855 had been accepted by Mrs. O'Roke, after Rose B. Gardiner had deposited in escrow her deed conveying her interest to appellant, and, the condition of that escrow had been fulfilled, Mrs. O'Roke executed and delivered to respondents, with no consideration other than love and affection, a deed to the land in controversy, which was duly recorded. From a judgment for respondents, quieting title to the 80 acres in them, as against appellant, this appeal is taken. Among the many assignments of error the principal ones, and the only ones which we need mention, are that the court erred: (1) in finding that the deed from Mary O'Roke conveyed title to the property to respondents and in rendering judgment quieting that title, (2) in finding and decreeing that appellant has no title to the land, (3) in admitting evidence of an oral agreement varying and adding to the written escrow agreement.

The fact that appellant did not obtain actual possession of the deed and record it, before respondents' deed was recorded, does not invalidate the conveyance to him.

"Sec. 5424. Every conveyance of real property other than a lease for term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." (C. S., sec. 5424.)

The only consideration for respondents' deed was love and affection. While this is a good consideration, it is not a valuable consideration within the meaning of the statute.

Nothing passes under a deed without valuable consideration, if the grantor has theretofore executed and delivered a deed of the premises to another. (*Stephenson v. Deuel,* 125 Cal. 656, 58 Pac. 258; *Ten Eyck v. Witbeck,* 135 N. Y. 40, 31 Am. St. 815, 31 N. E. 994; *Evans v. Templeton,* 69 Tex. 375, 5 Am. St. 71, 6 S. W. 843; *Blanchard v. Tyler,* 12 Mich. 339, 86 Am. Dec. 57.) If the deed to appellant became effective, it was not affected by the delivery and recording of the later deed to respondents.

The fact that the escrow agreement was signed only by Mary O'Roke does not invalidate it. A written contract, signed by one party only, binds the other if he accepts the writing. (*McPherson v. Fargo,* 10 S. D. 611, 66 Am. St. 723, 74 N. W. 1057; *Vassault v. Edwards,* 43 Cal. 458; *Sellers v. Greer,* 172 Ill. 549, 50 N. E. 246, 40 L. R. A. 589; *Vogel v. Pekoc,* 157 Ill. 339, 42 N. E. 386, 30 L. R. A. 491; 1 Williston on Contracts, sec. 90, p. 158, note 57.) Appellant by his acts accepted the contract and it became a valid written contract between himself and Mrs. O'Roke.

Where a deed is delivered in escrow with an agreement that it shall take effect upon the fulfilment of certain conditions by the grantee it takes effect when these conditions are fulfilled, even though actual delivery has not been made to the grantee. (*Gammon v. Bunnell,* 22 Utah, 421, 64 Pac. 958; *Davis v. Clark,* 58 Kan. 100, 48 Pac. 563; *Guild v. Althouse,* 71 Kan. 604, 81 Pac. 172; *Cannon v. Handley,* 72 Cal. 133, 13 Pac. 315; *Bishop v. Dodge,* 196 Mich. 231, 162 N. W. 1002; *Chase v. Gates,* 33 Me. 363; 1 Devlin on Real Estate, sec. 331, p. 588; 2 Tiffany on Real Property, sec. 462, p. 1778.) C. S., sec. 5381, relied upon by respondents, relates to a contract of sale and not to a deed deposited in escrow. If the conditions of the escrow agreement governing the taking effect of the deed from Rose B. Gardiner to appellant were fulfilled, the deed to appellant became effective.

Respondents contend that the second condition of the contract was never met because Mrs. Gardiner did not join appellant in a joint request to the bank to deliver the deed.

The conditions of the escrow agreement governing the deed from Rose B. Gardiner to appellant were met, and it took effect on the making of the final proof. When she conveyed her interest in the land to appellant this made unnecessary a demand on her part.

This brings us to the most important and closest question in the case. Over appellant's objection respondents were permitted to introduce the testimony of Mrs. O'Roke to the effect that it was orally agreed between her and appellant, at the time the deed was placed in escrow, that the following additional conditions should be fulfilled before the deed was to take effect, viz., that he was to pay all back taxes and clear all indebtedness on the place, that a division of the community property was to be made between Mrs. Gardiner and the appellant which would be satisfactory to Mrs. O'Roke, that appellant was to procure a patent for certain land which was going to Mrs. Gardiner in the settlement, and that a division of property was to be agreed upon between appellant and Mrs. Gardiner which would be satisfactory to Mrs. O'Roke. She testified that these other conditions were not fulfilled, and that the division of property, which was agreed upon between Mrs. Gardiner and appellant, was not satisfactory to her. Appellant objected to this evidence on the ground that it varied or added to the written agreement. The general rule is well established that, when a contract is reduced to writing, it constitutes the final agreement of the parties as to its subject matter, and prior or contemporaneous oral agreements or statements varying or adding to its terms are not admissible. (*Beebe v. Pioneer Bank & Trust Co.,* 34 Ida. 385, 201 Pac. 717; *Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Stein v. Fogarty,* 4 Ida. 702, 43 Pac. 681; *First National Bank v. Bews,* 5 Ida. 678, 51 Pac. 777; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464; 10 R. C. L., subject "Evidence," secs. 208–214, and notes.) Respondents contend, however, that this rule does not apply, that the evidence was admissible under the rule which permits evidence of an oral agree-

ment as to the conditions upon which a written contract shall take effect. It is universally held that, where a deed is delivered in escrow, and the conditions upon which it shall go into effect are not incorporated in a written contract, evidence is admissible to show an oral agreement which prescribes those conditions. (*Nichols v. Oppermann,* 6 Wash. 618, 34 Pac. 162; *Bronx Inv. Co. v. Nat. Bank of Commerce,* 47 Wash. 566, 92 Pac. 380; 16 Cyc. 586.) In this case, however, the written escrow agreement provides the conditions upon which the deed shall take effect and be delivered. If the same rule is to be applied to it as to other written agreements, a prior or contemporaneous oral agreement, prescribing different or additional conditions, is not admissible. There is no reason why this rule should not apply to an escrow agreement. The reasons which make the rule a salutary one in the case of all written agreements apply with equal force in the case of an escrow agreement, and there is no good reason why a distinction should be made. Yet the authorities are in conflict. It has been held that the conditions of a deposit in escrow may be written or oral, or partly written and partly oral, and the rule that a written contract between the parties will be deemed to contain the entire agreement is inapplicable. (*Fred v. Fred* (N. J. Ch.), 50 Atl. 776; *Stanton v. Miller,* 58 N. Y. 192; *Golden v. Meier,* 129 Wis. 14, 116 Am. St. 935, 107 N. W. 27; *Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174, 32 L. ed. 563.) On the contrary, it has been held that, where a written escrow agreement sets forth the conditions upon which the deed shall be delivered, it will be deemed to contain the entire agreement, and a prior or contemporaneous oral agreement prescribing different or additional conditions is not admissible. (*Pacific Nat. Bank v. San Francisco Bridge Co.,* 23 Wash. 425, 63 Pac. 207; *United Engr. & Contracting Co. v. Broadnax,* 136 Fed. 351, 69 C. C. A. 177.) The decisions holding that the oral agreement is admissible proceed on the theory that the evidence does not contradict or vary a written instrument but simply shows the conditions upon which it shall take

effect.  This theory is sound where the conditions are not fixed and determined by a written agreement, but it is unsound when applied to a case where they are.  The parties have just as much right to contract in writing as to the conditions upon which their agreement shall take effect as they have to contract in regard to any other matter.  If they do so contract, the written conditions are as much a part of the contract as any other part, and a party should not be permitted to vary or add to the conditions by proof of an oral agreement.  The action of the court in overruling appellant's objection and admitting evidence of the oral agreement was error of a reversible nature.

If that evidence is stricken from the record, it is perfectly clear that appellant fulfilled the conditions of the written escrow agreement and thereupon the deed took effect and he was entitled to delivery.

The judgment is reversed and the cause remanded to the district court, with orders to enter judgment quieting title in appellant as against respondents and each of them.  Costs are awarded to appellant.

Dunn and William A. Lee, JJ., concur.