No. 14,890.

Cale *v.* Skaro et al.
(127 P. [2d] 886)

Decided June 29, 1942.

Mr. V. G. Seavy, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT to secure cancellation of deeds of conveyance.

It appears that S-M-C Temple Association, a nonprofit corporation and one of the defendants in error, was formed by plaintiff in error and two other women, Agnes Sisson and Margaret Moore Broan; that May 13, 1936, the association was the owner of certain real estate—its sole asset—which was encumbered by a deed of trust securing an indebtedness of $4,999.00, payable at the rate of thirty dollars per month, without interest; that unpaid taxes and special assessments on the property amounted to some $2,000.00, and in addition the association owed $404.82 in accumulated bills; that the major debt, secured by deed of trust as stated, was in such state of default that foreclosure was imminent and the small creditors were clamoring for payment; that despairing of ability to discharge either its current bills or the accruing payments on the large obligation, the association proffered conveyance of the property to the holder of the trust deed if such holder (the estate of an incompetent) would discharge the small claims against the association; that the representative of the estate was disposed to accept the offer, but since the county court of Pueblo county had, and was exercising, jurisdiction over the estate, resort was had there for authority to pay those debts, as stated, which was denied; that by the time mentioned at the opening of this recital, and when conveyance to the estate, holder of the large lien, had failed, the association, wishing to avoid judgments against the entity and bring about its dissolution, made sale of the property to defendant in error Skaro, who was to pay a cash consideration of

$404.82, the sum of the association's small bills, and assume payment of the indebtedness secured by deed of trust and the unpaid taxes and special assessments against the property; that in furtherance thereof Skaro and the association agreed that the association's deed should be placed in escrow with O. G. Pope, Esquire, of the Pueblo Bar, attorney for the association, who was to receive the cash consideration, employ it in discharge of the claims mentioned, on the consummation of which he was to exhibit receipts and deliver the deed to the purchaser.

The association, by authority of its entire membership, including plaintiff in error, and acting by its president Mrs. Broan and plaintiff in error as secretary, proceeding on the day of the agreement, executed and delivered to the escrow holder a conveyance of the property to Skaro, who, as per recital in the deed to that effect, assumed and contracted to pay the deed-of-trust indebtedness, together with the taxes and special assessments against the property, all as had been agreed. In December, 1936, the escrow holder was provided with the sum to be paid by Skaro, with which he discharged the items of small claims, and delivered the deed which he held for that purpose. It appears, however, that prior to delivery of the deed by the escrow holder, Skaro had resold the property to defendant in error Blamey, who supplied the money which was paid to the escrow holder in discharge of Skaro's obligation, as stated. In the conveyance evidencing resale from Skaro to Blamey, as plaintiff in error emphasizes, the language was that the grantee took subject to the encumbrance, not in assumption thereof.

Plaintiff in error, as stated in the abstract, alleged in her complaint that "Skaro represented to the S-M-C Temple Association that he had a purchaser for the property; that to enable Skaro to effectuate and carry out such proposed sale, and for no other purpose, a deed was executed by the association naming Skaro as grantee; that the said deed was deposited in escrow with one

O. G. Pope, to be held by him until the contemplated sale occurred; that the sale did not occur and the escrow agreement became null and void, but that despite its invalidity Pope delivered the deed to Skaro, who in turn executed a deed to the defendant, Blamey; that Blamey had knowledge of the terms and conditions of the escrow; that the delivery of the deed to Skaro was made without the knowledge, consent and approval of the S-M-C Temple Association and that the plaintiff asked the other members thereof to join with her to bring corporate action to set aside said conveyance; that such request was denied and refused." She prayed that the association's deed to Skaro, and the latter's deed to Blamey be cancelled. She offered to repay to Blamey the money he had advanced to pay association claims, as related, and deposited the amount in the registry of the court for his use.

Defendants (defendants in error) made denial of all allegations material to the controversy, and defendant Blamey sought affirmative judgment of possession of the premises, which, he alleged, plaintiff in error was wrongfully withholding from him, and for damages.

The court found that plaintiff had failed to sustain her cause of action against defendants, or any of them. It also found Blamey had sustained his counterclaim, except that he failed to establish quantum of damages. The judgment as to all defendants was that the suit of plaintiff in error be dismissed at her costs, and that defendant Blamey "is the owner and entitled to the immediate possession" of the property. An appropriate writ was ordered. With relation to the deposit made by plaintiff in error, the clerk was directed to deduct therefrom costs properly taxable against her and return the balance.

██ The escrow agreement only contemplated sale to Skaro, he to assume payment of certain obligations, as already related. The burden of the contention of plaintiff in error is that there was oral understanding

526

that Skaro was to sell the property, not for himself, but for the association, and that the purchaser should assume the indebtedness. It is true, as stated by counsel, that the conditions of a deposit in escrow may be written or oral, or partly written and partly oral, but where, as here, "a written escrow agreement sets forth the conditions upon which the deed shall be delivered, it will be deemed to contain the entire agreement, and a prior or contemporaneous oral agreement prescribing different or additional conditions is not admissible." *Gardiner v. Gardiner,* 36 Ida. 664, 214 Pac. 219. We regard *Stanton v. Miller,* 58 N.Y. 192, cited by counsel for plaintiff in error, as distinguishable; besides, as the court in the present case found, and as seems clear, plaintiff in error failed to establish any understanding contrary to the written escrow agreement. The general attorney for the association, as well as two of the incorporators thereof, testified in opposition to her claim in that regard. There is nothing to indicate that Skaro is not responsible, or that claim has been, or will be, made against the association by reason of the obligations which Skaro formally assumed. We do not perceive error.

Let the judgment be affirmed. .