644 P.2d 980

Lynn A. NELSON and Olive I. Nelson, husband and wife, Plaintiffs-Respondents,

v.

Roy GISH and Rena Gish, husband and wife, Defendants-Appellants.

No. 13902.

Court of Appeals of Idaho.

Feb. 17, 1982.

Review Denied May 4, 1982.

58

Pat W. Arney, Coeur d'Alene, for defendants-appellants.

Thomas W. Vasseur, Coeur d'Alene, for plaintiffs-respondents.

WALTERS, Chief Judge.

Lynn Nelson filed suit against Roy Gish to recover sums due him following termination of their agreement to operate a gravel excavating and rock crushing business. He also sought recovery for unjust enrichment of Gish's real property, as a result of its development for use as a gravel pit. The matter was tried to a jury and a verdict was rendered in favor of Nelson. Gish appeals the judgment entered upon the verdict. The primary issue at trial and on this appeal concerns the right of Nelson to recover both under the partnership contract and for unjust enrichment.

Lynn Nelson and Roy Gish began negotiating to set up their business in the spring of 1977, upon certain undeveloped property near Athol, Idaho, which was owned by Gish and was favorable for an open pit gravel mine. To prepare for the commencement of this operation, Nelson contributed labor and employed his own bulldozer for a number of hours. He built an access road to the pit site on Gish's property, and cleared an area near the pit for an office building. He opened the gravel pit by clearing brush, stripping the top soil, and removing overburden.

In April of the following year the parties executed a written partnership agreement and made certain contributions to the partnership without charge. Gish contributed the improved property, and Nelson likewise contributed his crusher equipment, the use of his bulldozer, and his managerial services to the "long-range gravel pit operation" envisioned in the agreement. Nelson also moved his crusher equipment to the site and set up his machinery for operation. The written agreement did not provide for compensation to Nelson for the improvements which he had made to the property prior to the execution of the written agreement, nor did it provide for the expenses Nelson incurred in setting up the crusher equipment. No oral agreement was ever reached between the parties regarding these expenses. Although the written partnership contract

provided for a renewable term of two years, the agreement was terminated within a few months after it was signed. The parties could not reach an acceptable settlement regarding dissolution of the partnership and this action ensued.

In accordance with the terms of the written partnership contract, Nelson sought recovery of one-half of the fair market value of the stockpile of processed gravel and crushed rock remaining on Gish's premises when the agreement was terminated.[1] In addition, Nelson sought recovery for the amount by which he felt Gish was unjustly enriched through Nelson's alteration of Gish's undeveloped land into commercial property and for the expenses incurred in setting up the crusher equipment.

During the trial Gish strenuously and repeatedly opposed Nelson's efforts to recover both the asserted contractual claim and the unjust enrichment claims, contending that Nelson's rights were governed solely by the written partnership agreement. Gish expressed this opposition by attacking the form of the complaint, by objecting to evidence submitted in support of Nelson's claims, by objecting to jury instructions regarding the claims, and by post-trial motions for judgment notwithstanding the verdict or in the alternative, for a new trial. The trial court ruled against Gish on all points.

The jury awarded Nelson one-half the value of the stockpile at the termination of the partnership agreement, certain sums for moving the crusher equipment to Gish's property and for the labor expenses incurred in setting up the crusher, and an amount which represented the benefit to Gish's property from the preparation of the gravel pit. We affirm the judgment entered following the jury's verdict in part and remand for remittitur the award for recovery of expenses related to moving and setting up the crusher.

Preliminarily, it should be noted that Nelson's unjust enrichment claim is extrinsic to the terms of the partnership agreement and is based upon what is known in law as an action on an "implied in law contract," or "quasi-contract." The Idaho Supreme Court has explained that:

> " . . . a contract implied in law is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity without reference to the intent or the agreement of the parties and, in some cases, in spite of an agreement between the parties. [Citations deleted.] It is a non-contractual obligation that is to be treated procedurally *as if* it were a contract, and is often referred to as quasi contract, unjust enrichment, implied in law contract or restitution.

\*     \*     \*     \*     \*     \*

> As the essence of a contract implied in law lies in the fact that the defendant has received a benefit which it would be inequitable for him to retain, it necessarily follows that the measure of recovery in a quasi-contractual action is not the amount of the enrichment, but the amount of the enrichment which, as between the two parties it would be unjust for one party to retain" (Emphasis in original) *Continental Forest Products, Inc. v. Chandler Supply Co.*, 95 Idaho 739, 743, 518 P.2d 1201, 1205 (1974).

The amount of the recovery to be obtained in quasi-contract is a factual issue to be resolved by the trier of fact, in this case the jury. *See* 66 Am.Jur.2d *Restitution and Implied Contracts*, §§ 28, 90 (1973); e.g. *McShane v. Quillan*, 47 Idaho 542, 277 P. 554 (1929).

The main thrust of Gish's position on appeal tests the right of Nelson to recover under the written partnership agreement and also by way of quasi-contract for un-

---

1. Article Sixteen of the partnership agreement provides as follows:

    "In the event this Partnership Agreement is terminated all gravel which has been crushed and screened and stock piled (sic), shall be inventoried and the Partner who shall maintain ownership of the real property on which the gravel pit is located shall pay to the other partner ONE HALF (½) of the fair market value of the crushed rock at the time of termination of the Partnership Agreement."

just enrichment. We hold that under the circumstances of this case, it was proper for Nelson to seek recovery on both theories. The recovery sought was neither alternative nor was it a double recovery. It resulted in compensating Nelson both for the amount that he was entitled to as a partner and for the benefit received by Gish as a result of Nelson's efforts prior to the written contract. The written contract was silent as to distribution of the value of improvements to Gish's land upon dissolution of the partnership.

■ Gish also asserts the applicability of the parol evidence rule to bar proof of unjust enrichment, arguing that the written partnership agreement controlled Nelson's right to recovery to the exclusion of all other claims. He argues that the labor and services which Nelson put into developing Gish's property into a commercial site simply related to the production of this stockpile. He asserts that Article Sixteen of the written agreement sets forth the clear and unambiguous intent of the parties regarding disposition of the stockpile and, therefore, allowing admission of evidence regarding the value of Nelson's unjust enrichment claim was a violation of the parol evidence rule. The parol evidence rule was stated in *Gardiner v. Gardiner*, 36 Idaho 664, 214 P. 219 (1923) as follows: "The general rule is well established that, when a contract is reduced to writing, it constitutes the final agreement of the parties as to its subject matter, and prior or contemporaneous oral agreements or statements varying or adding to its terms are not admissible." 36 Idaho at 670, 214 P. at 221. *Accord, Nysingh v. Warren*, 94 Idaho 384, 488 P.2d 355 (1971); *Nuquist v. Bauscher*, 71 Idaho 89, 227 P.2d 83 (1951); *Milner v. Earl Fruit Co.*, 40 Idaho 339, 232 Pac. 581 (1925).

■■ Gish's assertion of the parol evidence rule was inapposite. The rule serves to exclude evidence of prior agreements or statements in contravention of a final contract. In this case Nelson was not seeking to introduce evidence of a prior agreement or statement. He was seeking to introduce evidence of a claim on which there had been no prior agreement and which was not addressed in the final written contract. The evidence was not submitted to alter the meaning of the contract. Consistent with *Chandler, supra*, where the parties' contract failed to address or anticipate the early termination of their business and the costs incurred at the outset, which benefited the property of Gish before the business had run its intended course, we hold that equitable relief in unjust enrichment was appropriate.

The trial court correctly admitted proof of the expenses incurred by Nelson in altering Gish's undeveloped land under these circumstances. The jury determined that the bulldozer work materially benefited Gish's property. This benefit will continue to inure to Mr. Gish in the future since he now has access to a workable gravel pit which was nonexistent prior to Nelson's activities.

■ In addition to his main contention, Gish raises other assignments of error. He contends that Nelson's recovery for unjust enrichment can not be allowed to stand because it was not separately and distinctly pleaded in the complaint. We disagree. Nelson's pleadings referred to the partnership agreement in the first two of several separately numbered paragraphs. Thereafter, separate numbered paragraphs alleged the claims of unjust enrichment with no further reference to the partnership agreement nor to any preceding part of the complaint. Although clearer presentation of each claim may have been possible by stating each claim in a separately numbered count as provided in I.R.C.P. Rule 10(b), Nelson's pleadings were sufficient to apprise Gish of the nature of the claim against him. At no time prior to the trial did Gish move for a more definite statement of the issues, as was his option under I.R.C.P. Rule 12(e). The record shows that counsel for Gish was not surprised at trial by his opponent's introduction of evidence regarding the claims for unjust enrichment. The trial court fully considered Gish's objections to the form of the complaint and we uphold its determination. Appellant was put on suffi-

cient notice by the complaint that Nelson sought recovery beyond the contractual claim for division of the gravel stockpile.

He next contends that it was reversible error for the trial court to admit evidence relevant to the value of the unjust enrichment claims without requiring amendment of the pleadings to conform to such proof. Because the trial court ruled that the complaint sufficiently set forth claims for unjust enrichment, such amendment was not necessary. In light of our determination upholding that ruling, this assignment of error is untenable.

■ Gish also assigns error to the refusal of the trial court to admit in evidence Defendant's Exhibit C, which, according to the trial record, purports to be a check given by Gish to Nelson as a payment on a loader which Gish purchased from Nelson. It was offered at trial by Gish to show that the parties were cooperative and on good terms prior to the execution of the partnership agreement. The trial court excluded the document upon the basis that there was no dispute that the parties were getting along during that period of time. The court ruled that admission of Exhibit C would interject collateral matters not relevant to the real issue between the parties. The record fully supports this ruling and we find no error.

Counsel for Gish withdrew other exhibits following the rejection of Exhibit C. He now contends that reversible error was committed because the rejection of Exhibit C effectively resulted in the exclusion of the other exhibits. The withdrawal of the exhibits was a discretionary act made by counsel for Gish after the trial court expressed its opinion that if offered for the same purpose as Exhibit C, the other exhibits would also be rejected. As a result of the withdrawal of these exhibits, they are not before this Court on appeal; and since the evidence was withdrawn without requesting their admission in the proper course of trial and for the proper purpose, we find no reversible error on the part of the trial court.

Gish next assigns error to the giving of certain jury instructions regarding the the-ory, elements, burden of proof, and nature of recovery of Nelson's claims for unjust enrichment. He also assigns error to the refusal of the court to give his requested jury instructions opposing Nelson's theory of recovery. Having found that it was proper for the trial court to allow that issue to be tried before the jury, we have reviewed the pertinent instructions and find no error on the part of the trial court.

■ The next issue on appeal relates to the refusal of the trial court to grant the Gish's motion for new trial or judgment notwithstanding the verdict, again contesting the submission of the unjust enrichment theory to the jury. In light of our determination regarding the propriety of the claim for unjust enrichment, we find no error on the part of the trial court in its ruling on these motions, with one exception, which can be cured by a remittitur and reduction of the award made by the jury, without the necessity of a new trial. The jury allowed Nelson to recover $180.00 for the trucking expenses and $320.00 for labor expenses incurred in setting up the crusher at the gravel pit site. These expenses were directly related to the production of the gravel which went into the stockpile. They added to the value of the stockpile and Nelson received his share of that value pursuant to Article Sixteen of the partnership agreement. Furthermore, these expenditures did not result in a beneficial improvement to Gish's property. They were therefore not properly recoverable in Nelson's claim of unjust enrichment and should be deleted from the judgment.

Gish also contends that he is entitled to recover attorneys fees at trial and on appeal. Upon the basis of this record we find that the trial court did not err in disallowing attorney's fees to either party at trial, nor is either party entitled to recover its attorney's fees on this appeal. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

Finally, the Court is aware of the ruling of *Knauss v. Hale*, 64 Idaho 218, 131 P.2d 292 (1942), although it was not argued as

authority in this action by either party nor was it applied by the trial court. In *Knauss*, the Supreme Court did not allow a non-landowning partner to charge his co-partner at dissolution for partnership funds expended during the existence of the partnership to improve the property which the copartner had contributed to the partnership without charge. It is distinguishable from the case at hand, where Nelson expended his own labor and machinery in preparation for commencement of the partnership business prior to the formal existence of the partnership.

The Judgment is affirmed regarding the award of damages to Nelson under the partnership agreement and the recovery under the claim of unjust enrichment for improvements made to Gish's property. We remand for remittitur the awards of $180.00 for moving the crusher equipment and $320.00 for the labor expenses incurred in setting up the crusher equipment.

No costs or attorneys fees on appeal.

BURNETT and SWANSTROM, JJ., concur.