HON. W. C. WHITSON, } JUSTICES.
HON. M. E. HOLLISTER, }

---

JOHN B. RAMSAY, PLAINTIFF IN ERROR, *v.* WM. P. HART, DEFENDANT IN ERROR.

EQUITABLE ACTIONS—VERDICT—JURY TRIAL.—No action, purely equitable in character, can proceed to a decree upon the verdict of a jury as the foundation thereof; but if a jury is called in such a case, it must be to aid the court in determining questions of fact, which, when found, are the findings of the court; and the decree must be the result of the judgment of the court or judge thereof.

TRANSCRIPT—RECORD.—Nothing in a transcript brought to this court can be considered, unless by the provisions of the statute or the order of the judge, it is made a part of the record of the case. Of what the record consists, considered.

*McBride & Henly,* for the plaintiff in error.

*J. Brumback & E. J. Curtis,* for the defendant in error.

WHITSON, J., delivered the opinion. NOGGLE, C. J., and HOLLISTER, J., concurred.

In this case the plaintiff in error seeks to reverse the judgment of the court below: 1. Because the case was com-

menced and tried and judgment rendered as in an action at law, while the proofs showed, if they showed anything, that the case should have been brought in equity.    2. Because the proofs were insufficient to support even a decree in equity if the case had been commenced on that side of the court.

It is not necessary, in disposing of this case, to pass upon any of these questions, yet we may be allowed to venture the opinion that there can be no doubt but that if the evidence adduced on the trial of an action at law should disclose that the action should have been brought in chancery, no judgment could be sustained.    It is equally clear that no suit in equity can proceed to a decree upon the verdict of a jury as the foundation thereof, but that if a jury is called it must be to aid the judge in determining questions of fact which, when found, are the findings of the court, and the decree must be the result of the judgment of the court or judge.    (*Dunphy* v. *Kleinsmith*, 11 Wall. 610.)

It seems to be conceded upon both sides, that the case, as disclosed by the complaint and answer, is clearly an action at law, and the case having been tried as such, it only remains for us to determine how much of the transcript we can consider here; and after that what error, if any, appears therein.    Section 317 of the civil practice act, provides that the transcript shall contain a copy of the writ (of error) and return, the pleadings, the journal entries, and bills of exceptions, the execution and return, and such other matters as the court or judge shall have ordered to be made a part of the record..    All that we can consider of this transcript, therefore, is the complaint and answer, the journal entries, which include the verdict of the jury, the judgment rendered on it, and the motion to set the same aside, nothing else having been by order of the judge, made a part of the record, and not being so by force of law, we think we are precluded from considering more than we have enumerated. Upon a thorough examination of the record before us, we fail to find any error.

Judgment as rendered upon the verdict of the jury is affirmed.