(January 31, 1896.)

## STEIN v. FOGARTY.

[43 Pac. 681.]

PAROL EVIDENCE—PROMISSORY NOTE.—In the absence of fraud, accident or mistake, parol evidence of an oral agreement contemporaneously made with the execution of a promissory note cannot be admitted to show that such note, although made payable in money was by such agreement to be paid in work and labor.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

Is parol evidence of a contemporaneous oral agreement show-ing the conditions upon which a promissory note is given ad-missible?    Or, in other words, can the consideration be in-quired into?    The point in the case at bar is not as to the lan-guage used in the note, but only as to the conditions on which it was given to plaintiff; in other words, the consideration may be inquired into, such consideration being concurrent parol agreements.    (*Schundler v. Mulheiser,* 45 Conn. 153; *Ken-nedy v. Goodman,* 14 Neb. 585, 16 N. W. 834; *Maltz v. Fletcher,* 52 Mich. 484, N. W. 228; *Walker v. Hagerly,* 30 Neb. 120, 46 N. W. 221.)

J. R. Wester and O. E. Jackson, for Respondent.

It is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the draw-ing, making or indorsing a promissory note, cannot be per-mitted to vary, qualify or contradict, or add to, or subtract from, the absolute terms of a written contract, nor to show that the note is payable out of a different fund, or in any man-ner different from that expressed in the note itself.    (*Conner v. Clark,* 12 Cal. 168, 73 Am. Dec. 529; *Guy v. Bibend,* 41 Cal. 322; *Aud v. Magruder,* 10 Cal. 282; *San Jose Sav. Bank v. Stone,* 59 Cal. 183; *Erenberg v. Peters,* 66 Cal. 115, 4 Pac. 1091; *Dulancy v. Burke,* 2 Idaho, 719, 23 Pac. 915; *Brown v. Spofford,* 95 U. S. 482; *Specht v. Howard,* 16 Wall. 564; *Forsyth v. Kimball,* 91 U. S. 291.)

SULLIVAN, J.—This is an action on a promissory note. The answer admits the execution of the note, but alleges, at the time of the execution of said note, and as a contempora-neous act therewith, the plaintiff and defendant mutually agreed that said note should be paid by the defendant in work and labor as a plumber, at the usual rates, and upon a certain house in Boise City, the property of plaintiff, then being con-structed by him.    The cause was tried by the court without a jury, and resulted in a judgment for the defendant.    There-upon plaintiff moved for a new trial, which motion was granted, and a new trial ordered.    This appeal is from the

order granting a new trial. The promissory note sued on is as follows:

"250.ʲ                        Boise City, Idaho, July 6th, 1893.

"Four months after date, for value received, I promise to pay to the order of C. A. Stein the sum of two hundred and fifty and no 100ths dollars, at First National Bank of Idaho, in Boise City, Idaho, with interest at one per cent per month from Oct. 6th, until paid. Should I fail to pay this note promptly at maturity, I further promise to pay reasonable additional to the amount thereof (principal and interest), as attorney's fee, if suit is instituted hereon.

(Signed)      "JOHN J. FOGARTY.

"Due Nov. 6th, 1893.     No. 2,670."

The question involved in this case is whether parol evidence of an oral agreement made contemporaneously with a promissory note which contains an absolute promise to pay a specified number of dollars, at a specified time, is admissible to prove that such note was to have been paid in work and labor. It is a well-settled principle, based on public policy, that parol contemporaneous evidence is inadmissible to vary or contradict the terms of a valid written instrument. (1 Greenleaf on Evidence, sec. 275.) In *Forsythe v. Kimball*, 91 U. S. 291, it was held that, in the absence of fraud, accident, or mistake, the rule is the same in both equity and at law that parol evidence of an oral agreement alleged to have been made contemporaneously with the making of a promissory note cannot be permittèd to vary, qualify, or contradict, or to add to or subtract from, the absolute terms of such promissory note. (See, also, *Brown v. Spofford*, 95 U. S. 474; *Conner v. Clark*, 12 Cal. 168, 73 Am. Dec. 529.) It was not error to grant a new trial in this case, and the order granting the same is sustained. Costs of this appeal are awarded to respondent.

Morgan, C. J., and Huston, J., concur.