(No. 5592.   December 22, 1930.)

W. C. BROOKS, Respondent, v. N. E. BEACH, Appellant.

[294 Pac. 505.]

Verner R. Clements and A. L. Morgan, for Appellant.

Cox & Martin, for Respondent, cite no authorities on points decided.

BUDGE, J.—This action was brought against appellant upon three promissory notes executed by appellant and made payable to the Security Investment Company, which company, before the maturity of the notes, sold and delivered them to respondent.

Appellant filed an amended answer to the complaint. The cause was tried to the court and jury, and after respondent had offered testimony to show that he was the owner of the notes, which were introduced in evidence, appellant tendered certain evidence in support of the allegations of his answer. All of the material evidence offered by appellant was stricken, and the court granted respondent's motion for an instructed verdict. This appeal is taken from the judgment entered on the verdict.

As a first affirmative defense appellant alleged that respondent is not a holder in due course of the notes sued upon; that no consideration was given for said notes, and that, before they were due and when respondent accepted them, he knew they had been executed without consideration and he took them with notice thereof and is not entitled to collection of the same.

As a second affirmative defense, appellant alleged that the notes have been fully paid and discharged by the Security Investment Company and H. J. Kressly delivering to respondent for payment in full of the notes, certain bonds of the Idaho Marble Company and a certain warrant of the

Clearwater Highway District, payable to the Security Investment Company, all of which respondent received and accepted as payment in full of said promissory notes.

The several affirmative defenses were interposed to each of the three causes of action set out in the complaint, and the amended answer also contained general denials of indebtedness under the three promissory notes sued upon.

The first specification of error is predicated upon the action of the court in striking out all of the testimony of the witness Kressly as contained in his deposition, and in sustaining objections to questions propounded to said witness.

■ Under subdivisions a, b, c and d of specification of error No. 1, it is urged that the court erred in sustaining respondent's objections to questions asked the witness Kressly relating to the payment of interest on the notes and the indorsement of such payments on the notes. The payment of this interest is admitted by the complaint, and the court did not err in the respect complained of.

■■ Subdivision e of specification of error No. 1 relates to the rulings of the court on questions propounded to the witness Kressly by which appellant was seeking to adduce testimony tending to show complete payment of the notes. This testimony was excluded on the theory that the evidence sought to be introduced did not tend to prove any of the issues involved.

It is respondent's contention that the only question under the issues made by the pleadings was whether or not certain collateral security placed with respondent had been accepted by him in full payment of the promissory notes, and that the testimony offered by appellant was incompetent as tending by parol to vary the terms of a written instrument under which respondent claims the collateral security was deposited with him.

There was no written agreement of the kind indicated above, offered or introduced in evidence at the time the court sustained respondent's objections to such questions. It is shown by a portion of the testimony contained in the Kressly deposition, to which objections were sustained, that

a subsequent understanding and agreement to that under which some of the collateral security was deposited with respondent was had; and if we read the deposition correctly, certain bonds of the Idaho Marble Company and a deed to 160 acres of land were originally deposited with respondent as security for the payment of the notes in suit and others, under a written memorandum or agreement, but, some considerable time thereafter, when a warrant of the Clearwater Highway District was posted with respondent, there was an oral agreement or understanding had with respondent as to the manner of applying the collateral security, which, if true, took the place of and superseded the written memorandum or agreement. Under the later, oral, agreement, two notes for $500 each of the Security Investment Company, and the three notes of appellant, held by respondent, were to be paid, in the order stated, from receipts in the sale of the collateral security placed with respondent, and any balance was to be applied upon other obligations held by respondent under which the Security Investment Company was liable.

It is the rule in this jurisdiction that in an action to recover money due, the defendant under an answer containing a general denial may prove payment. (*Marysville Development Co. v. Hargis,* 41 Ida. 257, 239 Pac. 522; *Finlayson v. Harris,* 49 Ida. 697, 291 Pac. 1071.) Under appellant's general denials of indebtedness to respondent, contained in the amended answer, we think the trial court improperly ruled out the proffered testimony above referred to. While it may be that this testimony was technically at some variance with the allegations of appellant's affirmative defense—the second affirmative defense alleging that respondent had received and accepted the collateral security as payment in full of appellant's notes, and the testimony tending to show that the collateral had been placed with respondent to be reduced to cash and applied to the discharge of appellant's notes—considered in connection with the general denials of indebtedness under the notes and the rule permitting payment to be proved under such denials, the court was not justified in excluding this tes-

timony. "No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits . . . . " (C. S., sec. 6722; *Peck v. Nixon,* 47 Ida. 675, 277 Pac. 1112.)

The principal question involved was whether respondent had received payment of appellant's notes from the collateral posted with him, or otherwise. Evidence offered by appellant and rejected shows that the collateral had been sold and respondent realized sufficient money therefrom to discharge the two $500 notes of the Security Investment Company and the three notes of appellant.

In ruling upon the proffered testimony of appellant to show that the notes had been paid and discharged by the application of the receipts from the sale of the collateral security, the trial court seems to have relied largely upon the holding of this court in *Stein v. Fogarty,* 4 Ida. 702, 43 Pac. 681. The court went no farther in that case than to hold that "in the absence of fraud, accident or mistake, parol evidence of an oral agreement contemporaneously made with the execution of a promissory note cannot be admitted to show that such note, although made payable in money was by such agreement to be paid in work and labor." The main difference between that case and this is that there the alleged oral agreement was *contemporaneous* with the execution of the note, while in the instant case the offered testimony has to do with an oral agreement entered into one year after the written agreement, the oral agreement superseding the written one as to the purpose for which the collateral security was to be used and applied. It is well known, of course, that the parol evidence rule does not apply so as to prohibit the establishment by parol of an agreement between the parties to a writing, entered into subsequent to the time when the written instrument was executed, notwithstanding such agreement may have the effect of adding to, changing, modifying, or even altogether abrogating the contract of the parties as evidenced by the writing. (22 C. J., p. 1273, sec. 1693, and cases cited under note 85.)

The trial court was likewise in error in rejecting other testimony offered by appellant of like tenor and effect, and for the same or similar reasons, as hereinabove discussed. This testimony should have been permitted to go to the jury in support of appellant's contention that the notes had been paid and that he was not indebted to respondent under said notes.

For the exclusion of this evidence and the granting of respondent's motion for an instructed verdict, the judgment must be reversed and the cause remanded for a new trial, and it is so ordered; costs to appellant.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.