227 P.2d 83

**NUQUIST v. BAUSCHER.**

No. 7650.

Supreme Court of Idaho.

Jan. 24, 1951.

James, Shaw & James, Gooding, for respondent.

Chas. O. S. Scoggin, Fairfield, Bissell & Bird, Gooding, for appellant.

KEETON, Justice.

This action involves the ownership of wheat growing on land sold by conditional sales contract.

In March, 1947, respondent (plaintiff) agreed in writing to sell appellant (defendant) a piece of land located in Camas County, and by the terms of the contract the appellant agreed to purchase the same for a total consideration of $2500.00. $500.00 was paid and by the terms of the contract plaintiff agreed to probate the estate of her deceased husband, and furnish an abstract showing a clear title. The contract provided that the probate would be completed within a reasonable time. No specific time was fixed for final payment.

When title was perfected, plaintiff agreed to execute a deed to the premises on receipt of the balance of the purchase price. The probate was completed in September, 1947, the deed was then executed and delivered, and thereafter the purchase price paid.

When the contract was entered into between the parties, there was a tenant on the premises who the year before had planted the land to fall wheat, and under his oral tenancy, plaintiff was to have one-fourth of the wheat produced.

The wheat grown on the premises was harvested by the tenant, and the landowner's part was by the administrator of the estate turned over to the defendant, who sold the same on the market for $1058.78.

The plaintiff brought this action against the defendant to recover the value of the wheat. In his answer defendant claimed that a mutual mistake had been made in the execution of the contract, in that it did not contain the true intent of the parties, and asked to have the contract reformed to include a covenant giving the defendant the right of possession of the land as of March, 1947, and plaintiff's share of the wheat crop growing on the premises.

On issues framed, a jury was impaneled and at the conclusion of the testimony, plaintiff moved for a directed verdict, which the court denied, and submitted to the jury an interrogatory, and instructed the jury to determine whether the parties at the time of the execution of the contract in question "mutually agree and intend that the defendant should have and receive the landlord's share of the 1947 wheat crop then growing on the land * * *". The jury answered the interrogatory favorably to the defendant.

The court thereupon concluded that there was no testimony to support the conclusion of the jury, set the same aside, and made findings of fact and conclusions of law favorable to the plaintiff, and entered a judgment thereon. The defendant appealed.

It should be noted that the contract in question did not provide that the defendant should have possession at the time the contract was entered into, and the probate of the estate, delivery of the deed and the payment of the purchase price were acts to be performed in the future; nor did the contract mention the wheat then growing on the premises.

With a letter dated February 25, 1947, addressed to Mr. Frank Croner, who had sent the contract to her for signature,

the plaintiff returned the contract signed and acknowledged, and in the letter said: "* * * I assume that the probate proceedings cannot be completed until after the First of August, 1947. Under the circumstances, it occurs to me that as far as any small grain crop grown on this land in 1947, should so far as the rent share is concerned, be delivered to me."

The admission of this letter (plaintiff's exhibit "H") was objected to on the ground that the defendant was not a party thereto, and had no notice or knowledge thereof. The statement shows that there was no mutual mistake as to who was to have the wheat. The contract as signed by the plaintiff did not include the crops then growing on the land, and from the letter it was clearly the intention of the plaintiff that the sale of the land did not include the wheat crop to be later harvested.

Mr. Wokersein, administrator of the estate of plaintiff's deceased husband, testified that the offer of defendant to purchase the land was to include the crop. This is a conclusion of the witness and no authority from the plaintiff to include the wheat is shown. Further, the contract afterwards entered into did not include the crop then growing on the premises. The sale was not an administrator's sale and no claim is made that the administrator in his official capacity sold the land to defendant, or that he had any written authority to act as her agent.

The general rule is, subject to exceptions not herein necessary to discuss, that if there is no agreement, expressed or implied, in a contract for the sale of real estate, the purchaser is not entitled to possession until the full payment of the purchase price has been made, and if the purchaser complies with his part of the contract and pays the purchase price as agreed and receives the deed to the premises, he is then, and not until then, entitled to possession of the property sold.

The rule is stated in 55 Am.Jur. 808, par. 385, as follows: "* * * that if there is no agreement, express or implied, in a contract for the sale of real estate, that the vendor shall deliver possession of the premises before the full payment of the purchase price, the purchaser is not entitled to the possession; and that a mere contract for the sale of real estate which provides that if the purchaser complies with his part of the contract and pays the purchase price as agreed, the vendor will then deed the property, raises no legal inference that possession of the property is to be given before the deed is to be executed."

The rule covering growing crops on premises is stated in 15 Am.Jur. 202, par. 11, as follows: "If * * * the purchaser is given no right to the possession until the time for conveyance arrives, he acquires no interest in the growing crops which mature and are harvested before the time for the conveyance and his right to possession arrives."

A discussion of cases on the subject would serve no useful purpose and would unnecessarily extend this opinion to an unreasonable length. For a review of the subject matter and cases thereon, see: Barrell v. Britton, 244 Mass. 273, 138 N.E. 579, 28 A. L.R. 1069.

The appellant contends that prior negotiations and what was said and done prior to the entering into of the agreement show that the respondent here intended that the crops then growing on the premises should go with the land. The written statement of the landowner is to the contrary, and shows she did not so understand.

After negotiations for the sale of the land in question were had, the parties entered into a formal contract covering the terms of purchase.

█ Where preliminary negotiations are consummated by written agreement, the writing supersedes all previous understandings and the intent of the parties must be ascertained from the writing.

█ Representations made during negotiation of the contract which are not included in the final agreement are not part of it and not binding. 17 C.J.S., Contracts, p. 750, § 322.

It is contended that the finding of the jury made in answer to an interrogatory, is binding on the court as a general verdict, and the court could not refuse the finding in its discretion and dispose of the case without reference thereto.

█ The general rule is that a special finding by a jury in a law action is binding on and may not be ignored or disregarded by the court, provided it is relevant and material to the issues, is warranted by the evidence, and does not contain an unwarranted conclusion of law, and has not been set aside on proper grounds. 64 C.J. 1187; Nienow v. Village of Mapleton, 144 Minn. 60, 174 N.W. 517.

█ The rule as applied in Idaho has been discussed in the following cases: Ramsay v. Hart, 1 Idaho 423; Rees v. Gorham, 30 Idaho 207, 164 P. 88, 89; Johnson v. Niichels, 48 Idaho 654, 284 P. 840.

In Rees v. Gorham, supra, this court said: "The only purpose in submitting specific interrogatories to a jury is: First in equitable actions to assist the court in finding the facts; and, second, in law actions to enable the court to determine whether or not the general verdict which they have rendered can be supported as a matter of law upon the facts as the jury find them. The court is not bound by the specific findings of a jury, but may disregard such findings when they are clearly against the evidence, and find the facts as shown by the evidence."

In the case before us a special interrogatory was submitted to the jury without objection on the part of the appellant. His cross-complaint asked for equitable relief, namely, the reformation of the contract in question. While the suit was originally for conversion, the trial court and the parties

apparently regarded the main issue one of equity, and without objection proceeded on such theory. There was no question raised as to the value of the wheat, the parties having stipulated this issue, and fixed the value at $1058.78.

The court, under such circumstances, is not bound by the specific finding of a jury, but may disregard it, and make findings as shown by the evidence as was done here.

In the case before us, the plaintiff had made a motion for a directed verdict which should have been sustained, and the setting aside of the special verdict by the jury and the making of findings of fact and conclusions of law in which the essential and pertinent matters were uncontradicted is not reversible error.

The execution of the contract and the final compliance of both parties therewith are admitted facts. The interpretation of the contract in the case before us was for the court and not for the jury.

While courts may interpret agreements voluntarily entered into, they cannot be modified so as to create a new and different one, and a court is not at liberty to revise an agreement where its interpretation is involved. Courts cannot make for the parties better agreements than they themselves have been satisfied to make, and by a process of interpretation relieve one of the parties from the terms which he voluntarily consented to; nor can courts interpret an agreement to mean something

that it does not say, nor interpolate into a contract something the contract does not itself contain. 12 Am.Jur. 749, par. 228.

The appellant contends that the administrator of the estate was by implication the agent of the plaintiff. There is not sufficient evidence in the record to sustain this contention. The question of agency, expressed or implied, advanced by the appellant, will not be discussed for the reason that one cannot constitute himself the agent of another without authority from the principal.

The finding of the court that there was no mutual mistake and that the testimony did not justify a reformation of the contract is supported by the evidence.

The findings and conclusions reached by the court on essential and pertinent matters are uncontradicted. Judgment is affirmed. Costs to respondent.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.