488 P.2d 355

Mildred NYSINGH, Administratrix of the Estate of Walter D. Wiebracht, Deceased, Plaintiff-Appellant,

v.

J. C. WARREN, Defendant-Respondent.

Mildred NYSINGH, Administratrix of the Estate of Walter D. Wiebracht, Deceased, Plaintiff-Appellant,

v.

Ivan Van WARREN, Defendant-Respondent.

Mildred NYSINGH, Administratrix of the Estate of Walter D. Wiebracht, Deceased, Plaintiff-Appellant,

v.

C. M. WARREN, Defendant-Respondent.

No. 10493.

Supreme Court of Idaho.

Aug. 5, 1971.

Rehearing Denied Sept. 16, 1971.

Dunlap, Rettig & Rosenberry, Caldwell, for plaintiff-appellant.

Alexanderson, Davis & Rainey, Caldwell, for defendants-respondents.

McQUADE, Chief Justice.

Ivan Van Warren designed and constructed a miniature merry-go-round which he, his father (C. M. Warren) and brother

(J. C. Warren) intended to market as a customer device for shopping centers. Upon viewing a prototype displayed in St. Louis, sales executive Walter D. Wiebracht insisted on becoming the sole contributor of capital to the infant enterprise. In July, 1958, Wiebracht joined the Warrens in a close corporation capitalized at $16,000, or $4,000 per shareholder, invested entirely by Wiebracht. In return, Ivan Van Warren manufactured the merry-go-rounds, Wiebracht received a 20% commission on units sold, and the three Warrens executed five-year promissory notes and stock pledges to secure the $4,000 advanced for each by Weibracht. The corporation struggled without profit until declared bankrupt the following year in proceedings instituted by Wiebracht himself.

In the present consolidated action Mildred Nysingh, administratrix of the Wiebracht estate, sought to enforce payment of each $4,000 note. The Warrens satisfied the trial court that the parties intended these obligations to be discharged solely from profits distributed to shareholders; and because no such profits materialized the obligations were not enforceable against the Warrens personally. The foundation of the Warren defense was a letter written by Wiebracht in June, 1958, offering to fund the corporation "with the understanding that each of you will give me your personal note and simply assign your stock until you can pay for your ¼ interest out of profits." The Warrens also presented disputed testimonial evidence that Wiebracht gave similar oral assurances throughout the negotiation period and when the notes and stock pledges were executed in July.

Plaintiff on appeal claims that the court erred in admitting evidence of an agreement not included in the notes and pledges, in failing to find all prior negotiations and agreements superseded by the notes and pledges, and in finding defendants' evidence sufficient to establish the affirmative defense that the obligations were to be satisfied solely from profits.

Appellant urges application of the general rule articulated by this Court in Nuquist v. Bauscher,[1] "Where preliminary negotiations are consummated by written agreement, the writing supersedes all previous understandings and the intent of the parties must be ascertained from the writing." This rule governs only when the integrated character of the writing is established. Whether a particular subject of negotiation is embodied in the writing depends on the intent of the parties, revealed by their conduct and language, and by the surrounding circumstances. Mere existence of a document does not establish integration.[2]

Evidence not disputed by appellant indicates that the notes and pledges were not intended to exhaust the entire agreement. These writings refer neither to Ivan Van Warren's obligation to manufacture merry-go-rounds nor to Wiebracht's 20% sales commission. Since the documents do not integrate the agreement fully, the next question is whether the rule of partial integration applies; that is, whether the writings are exhaustive of the limited subject, financing the corporation, which they purport to cover. The writings are not complete if the parties reached a collateral agreement on the same subject. Evidence of the parties' understanding that the notes would be discharged solely from profits was properly admitted to establish a collateral agreement.[3]

Respondents argued admissibility on additional grounds of conditional deliv-

1. 71 Idaho 89, 94, 227 P.2d 83 (1951)

2. *See* J. Wigmore, Evidence, IX, § 2431, p. 102 (3d ed., 1940). An earlier view, expressed in Thompson v. Libby, 34 Minn. 374, 26 N.W. 1, 2 (1885), that the only criterion of the completeness of a written contract is the writing itself is no longer authoritative. *See* C. McCormick, Law of Evidence, § 211, pp. 429–432 (1954).

3. Higgins v. Belson, 66 Idaho 736, 168 P.2d 813 (1946); Spradlin v. Travelers' Insurance Co., 376 P.2d 323 (Okl., 1961).

ery, failure of consideration, fraud and constructive fraud. Our disposition of the case makes it unnecessary to reach those issues. Nor is it important on which theory the trial court relied, for its judgment will be upheld when the right result is reached on erroneous theory.[4]

The notes and pledges do not supersede the demonstrated collateral agreement to reimburse Wiebracht from profits. That agreement is fully consistent with the pledge of stock and the five-year maturity period in the notes; moreover, it is an agreement that might naturally be reached separately between one party offering investment funds and alleged sales expertise, and other parties seeking financial support for a product of apparent promise.[5]

■■■ This Court has held that allegations of a parol agreement to pay a promissory note solely from profits do not constitute a defense to an action on the note.[6] But the agreement disputed here is not limited to parol expression. Wiebracht's letter of June, 1958, plainly documents his intention that the notes be paid solely from profits. The stock pledges further demonstrate Wiebracht's intention to recoup his advances from profits. Dangers of fraud or fabrication attending to contentions based on parol evidence alone are not present here. The letter and stock pledges are uncontroverted evidence in themselves, and they reinforce testimonial evidence offered by the Warrens that the parties intended to discharge the notes solely from profits. The trial court's finding of such agreement is supported by competent and substantial, though conflicting, evidence, and will not be disturbed on appeal.[7] Wie-

bracht's estate is bound by his agreement to receive payment only from the fund created by profits.[8]

The holding of the trial court is affirmed. Costs to respondents.

McFADDEN, DONALDSON, SHEPARD and SPEAR, JJ., concur.

4. Layrite Products Co. v. Lux, 91 Idaho 110, 416 P.2d 501 (1966).

5. Restatement of Contracts, § 240(1) (b): "An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject matter, if the agreement is not inconsistent with the integrated contract, and * * * is such an agreement as might naturally be

made as a separate agreement by parties situated as were the parties to the written contract."

6. Craven v. Bos, 38 Idaho 722, 225 P. 136 (1924).

7. E. g., Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968).

8. See Bailey v. Westmoreland, 251 N.C. 843, 112 S.E.2d 517 (1960).