808 P.2d 415

**VALLEY BANK, an Idaho Banking Corporation, Plaintiff–Appellant,**

v.

**Thomas CHRISTENSEN and Naomi Christensen, husband and wife, Defendants–Respondents.**

**No. 18014.**

Supreme Court of Idaho, Idaho Falls, September 1990 Term.

April 1, 1991.

Johnson & Meikle, Idaho Falls, for plaintiff-appellant. Stephen A. Meikle, argued.

Blaser & Sorensen, Blackfoot, for defendants-respondents. Stephen J. Blaser, argued.

BOYLE, Justice.

In this dispute concerning a loan guaranty agreement, we are called upon to determine whether the parol evidence rule prevents the admission of oral testimony regarding alleged express conditions precedent.

Defendant Christensen signed a written loan guaranty agreement on a loan made by Valley Bank to a third party. When that individual defaulted on the loan, the bank offset Christensen's checking account in the amount of $9,000.00 and brought this

action. Christensen counterclaimed against the bank for wrongful offset alleging that his duty to pay had been discharged because the bank failed to fulfill two conditions precedent to payment. The jury found in favor of Christensen and Valley Bank moved for a judgment notwithstanding the verdict which was denied by the trial court.

The bank appeals the judgment entered on the jury verdict asserting that the parol evidence rule prevents the admission of oral testimony relating to the alleged express conditions precedent. After reviewing the record we reverse and remand for a new trial.

## I.

### Factual Background

In June of 1985, appellant, Valley Bank, and respondent, Thomas Christensen, executed a written loan guaranty agreement whereby Christensen agreed to guaranty a $15,000.00 loan made by Valley Bank to Kevin Seamons, a local farmer. The purpose of the loan was to enable Seamons to purchase fertilizer from Christensen. Seamons defaulted on the loan with Valley Bank and eventually filed bankruptcy. Valley Bank commenced this lawsuit against Christensen in May, 1986, seeking enforcement of the guaranty agreement and proceeded to offset Christensen's bank account in the amount of $9,000.00. Christensen responded to the claim by asserting that Valley Bank breached the parties' oral agreement by failing to obtain a crop lien from Seamons, the primary borrower. Christensen also asserted by way of defense that Valley Bank failed to designate him as a joint payee on the loan proceeds which resulted in Christensen not receiving payment for the fertilizer. These two defenses relate to terms of an alleged agreement which Christensen claims were made orally to him by Valley Bank agents prior to the signing of the agreement, but which were not stated in the written guaranty agreement.

Christensen filed a counterclaim against Valley Bank for reimbursement of the $9,000.00 taken in the offset against his checking account, and prayed for an award of punitive damages. Christensen thereafter obtained leave of court to amend his answer to include the affirmative defense of failure of consideration.

A jury trial was held on January 24 and 25, 1989, wherein Valley Bank introduced the testimony of its branch manager, Steve Williams, and a loan officer, Kevin Christensen (no relation to plaintiff-appellant), as to the transaction. During defendant Christensen's cross-examination of loan officer Kevin Christensen, Valley Bank objected and moved to exclude any evidence of the terms of a crop lien or naming Christensen as a co-payee on the Seamons' loan proceeds. The court allowed Christensen to amend his pleadings to assert the two alleged conditions precedent as defenses to Valley Bank's action. Thereafter, over the objection of Valley Bank, Christensen presented testimony and evidence regarding the alleged promise made to him by bank employees to obtain a lien on Seamons' crops and to name Christensen as payee on the Seamons' loan proceeds. Christensen was allowed by the trial court to argue to the jury that both of these representations allegedly made by officers of the bank were conditions precedent to his duty to pay the loan he guaranteed for Seamons.

The court instructed the jury that the alleged condition precedent of obtaining a lien on Seamons' crop cannot be a part of the written guaranty but must be part of a separate agreement. The jury was instructed that Valley Bank had the burden of proof to show by a preponderance of the evidence that there was a guaranty agreement, failure of performance and damages. The trial court instructed the jury that Christensen had the burden of proving the alleged conditions precedent by clear and convincing evidence.

The jury returned a special verdict finding that Christensen failed to perform according to the agreement but that Valley Bank was not damaged by Christensen's failure to perform. The jury also found that Valley Bank had agreed to take a lien against Seamons' crop which was a condi-

tion precedent to enforcing the guaranty. Judgment was entered awarding Christensen $10,000.00 plus an award of costs and attorney fees.

Valley Bank appeals and argues that the parol evidence rule prevents the admission of oral testimony regarding the alleged conditions precedent. In addition, Valley Bank contends that during the course of the trial, the trial court should not have allowed Christensen to amend his pleadings to include the two condition precedent defenses and that the trial court erred in failing to grant its motion for judgment notwithstanding the verdict.

Upon review of the record, we reverse on the first issue, and therefore need not address the remaining issues raised by the parties.

## I.

### The Parol Evidence Rule

Over the objection of Valley Bank, the trial court admitted testimony of loan officer Kevin Christensen regarding discussions pertaining to an alleged oral agreement to obtain a crop lien. Valley Bank contends on appeal that testimony of these alleged promises not contained in the written document was inadmissible and violated the parol evidence rule. We agree.

■ The parol evidence rule provides, "[w]here preliminary negotiations are consummated by written agreement, the writing supercedes all previous understandings and the intent of the parties must be ascertained from the writing." *Nysingh v. Warren*, 94 Idaho 384, 385, 488 P.2d 355, 356 (1971); *Nuquist v. Bauscher*, 71 Idaho 89, 94, 227 P.2d 83, 86 (1951). If the written agreement is complete upon its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the written contract. *Green v. K.S. Webster & Sons*, 77 Idaho 281, 291 P.2d 864 (1955); *Milner v. Earl Fruit Co.*, 40 Idaho 339, 232 P. 581 (1925). It is well established in Idaho that "[o]ral stipulations,

agreements, and negotiations preliminary to a written contract are presumed merged therein and will not be admitted to contradict the plain terms of the contract." *Ringer v. Rice*, 97 Idaho 105, 108, 540 P.2d 290, 293 (1975). This rule, however, applies only when the integrated character of the writing is established. Whether a particular subject of negotiations is embodied in the writing depends on the intent of the parties, revealed by their conduct and language, and by the surrounding circumstances. *Nysingh v. Warren*, 94 Idaho 384, 385, 488 P.2d 355, 356 (1971). The mere existence of a written document, however, does not establish integration. *Id.* at 94 Idaho 384, 488 P.2d 355. A merger clause in a written agreement is one means of proving the integrated character of a writing. *Tapper Chevrolet v. Hansen*, 95 Idaho 436, 510 P.2d 1091 (1973).

■ The guaranty agreement between Thomas Christensen and Valley Bank states in pertinent part:

We hereby agree you may enforce this guaranty independent of any action against debtor or foreclosure of security given by debtor and we expressly waive any right or require you to (a) proceed against debtor, (b) proceed against, foreclose, or exhaust any security held from debtor, or (c) pursue any other remedy in your power whatsoever. Until you are fully paid by debtor we shall have no right of subrogation nor right to share in the security of debtor. We further agree that you may, without notice to us, pledge, sell or assign any and all indebtedness covered by this guaranty, and that his guaranty shall continue in effect for the benefit of the purchaser or holder of the indebtedness so guaranteed.

In *Valley Bank v. Larson*, 104 Idaho 772, 663 P.2d 653 (1983), this Court examined a guaranty agreement containing the identical waiver provision and held that the language was clear and unambiguous and therefore the guaranty must be interpreted as a matter of law according to that language. 104 Idaho at 775, 663 P.2d at 656; *McGill v. Idaho Bank & Trust Co.*, 102 Idaho 494, 632 P.2d 683 (1981).

In ruling on defendant Christensen's motion to amend his pleadings to raise the affirmative defense of conditions precedent, the trial court held that the written agreement was clear and unambiguous on its face and that under *First Sec. Bank N.A. v. Gaige*, 115 Idaho 172, 765 P.2d 683 (1988), evidence is not admissible to modify the agreement. However, relying on *Worldwide Lease v. Woodworth*, 111 Idaho 880, 728 P.2d 769 (Ct.App.1986), the trial court ruled that the existence of a condition precedent is a question of fact to be determined by the trier of fact. Accordingly, testimony and evidence was admitted at trial for the jury's consideration regarding the alleged agreement of Valley Bank to the conditions precedent to Christensen's duty to pay under the guaranty agreement.

In *Worldwide Lease*, the defendant entered into a sales contract with Worldwide Leasing for the purchase of irrigation equipment. However, when the defendant made a series of late payments, Worldwide Leasing demanded payment in full. The defendant asserted that the availability of water on the property was a condition precedent to the lease. In *Worldwide*, the trial court admitted parol evidence in order to allow the jury to determine whether the parties had intended an implied-in-fact condition precedent to the lease.

The facts in the instant case are clearly distinguishable from those presented in *Worldwide Lease*. Here, Thomas Christensen asserts the existence of an agreement, made orally prior to the making of the written agreement, the terms of which he argues constitute conditions precedent to the performance of his duties under the written guaranty agreement. Thus, Christensen alleges these two express conditions precedent must occur prior to his duty to make the guaranty payments on Seamons' loan.

As noted previously, the trial court ruled that the written guaranty agreement was clear and unambiguous on its face and that this Court's decision in *First Sec. Bank of Idaho, N.A. v. Gaige*, 115 Idaho 172, 765 P.2d 683 (1988), precluded admitting additional evidence which would modify the terms of the written agreement. In addition, the trial court gave the following instruction to the jury:

> The condition precedent (Valley Bank obtaining a crop lien on Seamons' crop) cannot be intended as a part of the written guarantee executed by the parties, but must be part of a separate agreement of the parties.

The trial court determined that the written guaranty agreement was a complete integrated contract. As such, evidence of prior or contemporaneous oral agreements relating to the same subject matter is inadmissible to vary, contradict, or enlarge the terms of the written agreement. *Chapman v. Haney Seed Co.*, 102 Idaho 26, 624 P.2d 408 (1981); *Brewer v. Pitkin*, 99 Idaho 114, 577 P.2d 1162 (1978); *Tapper Chevrolet Co. v. Hansen*, 95 Idaho 436, 510 P.2d 1091 (1973). The alleged oral agreement requiring Valley Bank to take a crop lien, or to name Christensen as a payee, as conditions precedent to Thomas Christensen's guaranty, contradicts and modifies the express language of the written guaranty agreement. The language of the written guaranty agreement clearly and unequivocally provides that Christensen expressly agreed to allow Valley Bank to enforce this guaranty agreement independent of any action against the debtor or to pursue any other remedy. Evidence of a prior oral agreement of a condition precedent relating to the performance of this written agreement, pertained to the same subject matter of the written agreement and is therefore not admissible pursuant to the parol evidence rule. We therefore reverse and remand for new trial.

Costs to appellant. No fees awarded on appeal.

BAKES, C.J., JOHNSON and McDEVITT, JJ., concur.

BISTLINE, Justice, specially concurring.

The majority opinion correctly notes that parol evidence may not be used to contradict the terms of a valid agreement between the parties. However, the parol evidence rule does permit the admission of

evidence concerning conditions that must be satisfied before the agreement, which has been executed, may be enforced:

> If the parol evidence rule rests on the rationale that a later agreement has supplanted prior negotiations, it follows that the rule does not come into play until the existence of an enforceable written agreement has been shown. Evidence of the negotiations between the parties should therefore be admissible to show that no agreement was reached or that the agreement reached was invalid.
>
> ....
>
> On a similar reasoning, evidence is admissible to show an oral agreement that the written agreement is to take effect only if a stated condition occurs....
>
> However, extrinsic evidence is admissible under this qualification only if the condition is one that must occur before the written agreement takes effect, that is, before any duty of performance arises on either side. It is not admissible to show that the duty to one party under an agreement already in effect is conditional rather than absolute, since this would be an attempt to vary the terms of the writing, rather than to show that the written agreement never took effect.

E. Allan Farnsworth, Contracts § 7.4, at 461–463 (1982).

Here, the jury found that there was an oral condition precedent, requiring the bank to secure an interest in the potato crop that would be grown with the use of the fertilizer purchased from Christensen. But even if this condition were satisfied, the plain language of the agreement between Christensen and the bank allows the bank to proceed directly against Christensen should the farmer default on the note. Nothing would prevent the bank from disregarding the security interest in the crop. Furthermore, evidence of the alleged oral condition precedent could not be used to argue that the terms of the executed agreement had been modified to require the bank to first exhaust their security interest in the crop before proceeding against Christensen. This use of parol evidence would violate the parol evidence rule.

The evidence of the oral agreement strongly suggests that Christensen did not want, and the bank so understood, to be completely exposed to the potential liability which the agreement's terms plainly provide. Instead, he was "banking" on a tacit understanding that the written agreement would not be enforced against him until the condition precedent was first satisfied and exhausted. In other words, Christensen proceeded on the basis that under the agreement the bank was required to look first to the potato crop for satisfaction, and only then to him. However, the agreement by its terms had no such provision. Just as the Websters in *First Security Bank v. Webster*, 119 Idaho 262, 805 P.2d 468 (1991), could not successfully argue their understanding arising out of a discussion with bank personnel which took place before they executed a guaranty agreement, Christensen is by the parol evidence rule precluded from relying upon his own understanding, with which he probably had no previous experience.

Perhaps this Court should, if the legislature does not, require of such guarantee agreements a separate place for a disclaimer paragraph which would provide in bold letters that "the foregoing provisions of this guarantee are controlling and binding, notwithstanding any and all previous discussions, advice, and negotiations which may vary from the printed provisions of this writing, in regard to which the guarantors are advised to seek advice from persons or entities having no employment or affiliation with this bank."