995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry N. MIXON, M.D., Marilyn Mixon, husband and wife,
Plaintiffs-Appellants,
v.
FARMERS INSURANCE COMPANY OF IDAHO, an Idaho corporation,
Gunnell & Schvandveldt, Defendants-Appellees.
 No. 91-35417.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided June 10, 1993.
 
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry and Marilyn Mixon ("Mixons") appeal the summary judgment granted in favor of Farmers Insurance Co. ("Farmers"), which was certified for appeal under Fed.R.Civ.P. 54(b). Specifically, the Mixons alleged that 1) Farmers negligently investigated a fire, 2) Farmers negligently supervised the investigators they hired, and 3) the negligent investigation was part of a conspiracy with the state government in violation of 42 U.S.C. § 1983 (1988). We affirm the district court's order granting summary judgment.
 
 
 3
 The parole evidence rule provides that where preliminary negotiations are consummated by written agreement, the writing supersedes all previous understandings and the intent of the parties must be ascertained from that writing. Valley Bank v. Christensen, 119 Idaho 496, 808 P.2d 415, 417 (1991), quoting Nysingh v. Warren, 94 Idaho 384, 385, 488 P.2d 355, 356 (1971). If a written agreement is complete and unambiguous upon its face, extrinsic evidence of prior or contemporaneous negotiations is not admissible to contradict, vary, alter, add to, or detract from the terms of the written contract. Valley Bank, 808 P.2d at 417. Where the writing is intended as a complete and exclusive statement of the terms of the agreement, the court may not look to the parties' intent, conduct, language or the surrounding circumstances to determine if a particular subject of negotiation is embodied in that writing. Jeff D. v. Andrus, 899 F.2d 753, 760 (9th Cir.1989), quoting Interform Co. v. Mitchell, 575 F.2d 1270, 1277 (9th Cir.1978).
 
 
 4
 Contrary to the Mixons' assertion, the settlement agreement is neither ambiguous nor uncertain. The release specifically states that the settlement agreement is to be a complete compromise and settlement of the claims against Farmers arising out of the declaratory action and a complete release of any "claims, causes of action, damages, and expenses whatsoever which have resulted or may" thereafter result from the fire. The language of the release clearly protects Farmers from all claims brought by the Mixons in this case.
 
 
 5
 Farmers' request for attorney's fees is granted under FedR.App.P. 38.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3