943 P.2d 1232

**Clifford E. and Della M. KIMBROUGH, husband and wife, Plaintiff–Respondents–Cross Appellants,**

v.

**Dorothy S. REED, Defendant–Appellant–Cross Respondent.**

No. 22786.

Supreme Court of Idaho,
Boise, May 1997 Term.

Aug. 27, 1997.

Wesley W. Hoyt, Kooskia, for appellants.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondent. Jeffrey J. Hepworth, argued.

McDEVITT, Justice.

This case involves an action for waste brought by remaindermen against a tenant for life. The tenant for life alleged affirmative defenses and counterclaims including breach of contract, setoff, undue influence, fraud, and constructive trust. The district court dismissed all of the affirmative defenses and counterclaims alleged by the tenant for life. The jury found that the tenant for life caused waste to the lawn, shrubs, and trees which were a part of the life estate in the amount of $750.

## I.

### FACTS AND PRIOR PROCEEDINGS

On July 30, 1993, the respondents Clifford E. Kimbrough (Clifford) and Della M. Kimbrough (Della) (collectively referred to as Kimbrough) filed a complaint against appellant Dorothy S. Reed (Reed). It is undisputed that on or about May 15, 1989, Reed agreed to sell 40 acres of real estate located in Gooding county (hereafter referred to as property). Kimbrough granted Reed a life estate in the residence and yard surrounding the residence located on the property.

Kimbrough asserted that Reed abandoned the residence and that the pump that provided water to the yard ceased to function properly in July 1992. It is undisputed that Reed refused to help pay for the repairs to the pump. The yard surrounding the residence was not watered and weeds were allowed to grow.

Kimbrough requested the district court award Kimbrough judgment against Reed for damages to the yard as a result of Reed's waste including replacement of the pump and repair or replacement of the yard surrounding the residence. Kimbrough requested costs and attorney fees under I.C. § 12–120.

Reed responded that prior to May 15, 1989, Reed and Kimbrough entered into an oral agreement under which Reed would sell the property to Kimbrough for $60,000 in exchange for Kimbrough granting Reed a life estate that would include all of Reed's expenses except electricity.

On October 10, 1995, Kimbrough filed a motion for summary judgment regarding all of Reed's counterclaims. Kimbrough's motion was based upon Kimbrough's contention that Reed's counterclaims were filed after the statute of limitations expired and upon the testimony of Reed. The district court found that Reed's claims for fraud, misrepresentation, and violation of the Idaho Consumer Protection Act were barred by the statute of limitations. The district court ruled that Reed's counterclaim for undue influence, to the extent that it involved a breach of contract claim, was not barred by the statute of limitations.

A jury trial was held from December 13, 1995 through December 15, 1995, and on December 18, 1995. The district court granted Kimbrough a directed verdict on Reed's undue influence claim relating to Reed's breach of contract claim, and ruled that neither party owed a legal duty to fix the pump. The only issue that was submitted for the jury's consideration was whether Reed committed waste on the yard surrounding the residence. On December 18, 1995, the jury found that Reed, by her act or omission to act, caused waste to the yard surrounding the residence and awarded Kimbrough damages in the amount of $750 for the repair of the lawn, shrubs, and trees in the yard.

The district court denied all of Reed's counterclaims, awarded Kimbrough costs in the amount of $6,495.83, and awarded Kimbrough attorney fees in the amount of $19,462.40. Reed appealed and Kimbrough cross-appealed to this Court.

## II.

### A STATUTORY CLAIM FOR WASTE TO REAL PROPERTY OF A LIFE ESTATE INCLUDES DAMAGE TO THE LAWN, TREES, AND SHRUBS

Reed contends that the district court erred in submitting jury instruction number 22.

Jury instruction 22 provided that "[t]he owner of a life estate must keep the buildings and fences and real property in repair from ordinary waste...." Reed argues that jury instruction number 22 erroneously expanded the definition of waste under I.C. § 55–311 to include real property.

■ Idaho Code § 55–311 sets forth the duties of a life tenant:

The owner of a life estate must keep the buildings and fences in repair from ordinary waste, and must pay the taxes and other annual charges, and a just proportion of extraordinary assessments benefiting the whole inheritance.

Idaho Code § 55–311 does not indicate that these enumerated duties are the only duties a life tenant may incur. Idaho Code § 6–201 states that:

If a guardian, tenant for life or years, joint tenant or tenant in common of real property, commit waste thereon, any person aggrieved by the waste may bring an action against him therefor, in which action there may be judgment for treble damages.

Idaho Code § 6–201 provides that an aggrieved party may bring a cause of action for waste of real property. Reed contends that under I.C. § 6–201 "real property" does not include a lawn, trees, and shrubs. "Waste" is defined as

[a]ction or inaction by a possessor of land causing unreasonable injury to the holders of other estates in the same land. An abuse or destructive use of property by one in rightful possession. Spoil or destruction, done or permitted, to lands, houses, gardens, trees, or other corporal hereditaments, by the tenant thereof, to the prejudice of the heir, or of him in reversion or remainder.

BLACK'S LAW DICTIONARY 1589–90 (6th ed. 1990). Idaho Code § 73–114(2) defines "real property" as "coextensive with lands, tenements and hereditaments, possessory rights and claims."

■ Idaho Code § 55–311 does not expressly address waste of a lawn, trees, and shrubs located on a life estate. We hold that the reference to waste of "real property" in Idaho Code § 6–201 includes waste of the lawn, trees, and shrubs located on the life estate in this case. The district court properly instructed the jury regarding Kimbrough's claim for waste.

## III.

## THE DISTRICT COURT PROPERLY DENIED REED'S REQUESTED JURY INSTRUCTION NUMBERS 30 AND 31

Reed argues that the district court should have given the requested jury instruction numbers 30 and 31 on the grounds that Reed had the right to present her affirmative defenses as setoffs. Reed relies upon cases in which this Court has held that a pure setoff, with no affirmative relief being sought, is not subject to the statute of limitations. *Morton v. Whitson,* 45 Idaho 28, 260 P. 426 (1927); *Frank v. Davis,* 34 Idaho 678, 203 P. 287 (1921).

Requested jury instruction numbers 30 and 31 respectively stated:

### ESTOPPEL

The defendant, Mrs. Reed, is not liable to the plaintiffs, Mr. and Mrs. Kimbrough, for waste if the affirmative defense of estoppel is established. This defense is established if you find all of the following:

1. The plaintiff, Mr. Kimbrough, by his conduct represented to the defendant, Mrs. Reed, that he was going to pay the costs of the life estate property;

2. The defendant reasonably relied thereon;

3. The defendant materially changed her position; and

4. The change was to the defendant's detriment.

### AGREEMENT

If you find that there was an agreement by which the Kimbroughs agreed to pay for the expenses of the life estate property, except electricity, then you may not find waste occurred.

The district court denied requested jury instruction number 30 based upon the district court's finding that the sales agreement was integrated.

We held in *Valley Bank v. Christensen,* 119 Idaho 496, 808 P.2d 415 (1991), that "[i]f the written agreement is complete upon its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the written contract." *Valley Bank,* 119 Idaho at 498, 808 P.2d at 417.

This Court has held that a merger clause in an agreement is one means of proving the integrated character of a writing. *Valley Bank,* 119 Idaho at 498, 808 P.2d at 417; *Tapper Chevrolet v. Hansen,* 95 Idaho 436, 439, 510 P.2d 1091, 1094 (1973). Paragraph 15 of the sales agreement stated:

> The undersigned Buyer hereby acknowledges further that he has not received or relied upon any statements or representation by the undersigned broker or his representatives or by the Seller which are not herein expressed. The Buyer has entered into this agreement relying solely upon information and knowledge obtained from his own investigation or personal inspection of the premises. This agreement constitutes the whole agreement between the parties and no warranties, agreements or representations have been made or shall be binding upon either party unless herein set forth.

The district court noted that:

> paragraph number 10 [of the sales agreement] provides as follows: The parties agree that this agreement contains the following additional terms and conditions, and then there are blanks for the parties to write in the additional terms and conditions contained in the contract, or that they're supposed to abide by. And the only thing written in is, quote, "all 1989 crops belonged to purchasers," end quote.
>
> There is no other agreement stated in the written contract. Likewise, the deed contains no written agreement relative to this claimed maintenance and repairs.

We affirm the district court's finding that the sales agreement was an integrated agreement. Reed's affirmative defenses of estoppel and agreement were premised upon the introduction of parol evidence indicating the existence of a prior oral agreement. This parol evidence is not admissible to contradict, vary, alter, add to or detract from the terms of the sales agreement. *See Chambers v. Thomas,* 123 Idaho 69, 72, 844 P.2d 698, 701 (1992); *Valley Bank,* 119 Idaho at 498, 808 P.2d at 417. The district court properly denied requested jury instruction numbers 30 and 31.

### IV.

### A GENUINE ISSUE OF MATERIAL FACT REMAINS REGARDING WHEN REED DISCOVERED THE ALLEGED FRAUD OR MISTAKE

Reed argues that the district court erred in granting Kimbrough summary judgment and dismissing Reed's claims of fraud and mistake pursuant to I.C. § 5–218(4). Reed contends that the district court dismissed Reed's claims based upon the statute of limitations without determining the date that Reed could reasonably have discovered the fraud or mistake.

■ This Court reviews a lower court's ruling on motion for summary judgment by applying the same standard properly applied by the lower court when originally ruling on the motion. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). When faced with an appeal from summary judgment, this Court must determine whether pleadings, depositions, and admissions on file, together with affidavits, show there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law. *City of Sun Valley v. Sun Valley Co.,* 128 Idaho 219, 221, 912 P.2d 106, 108 (1996). The nonmoving party is to be given the benefit of all favorable inferences which reasonably might be drawn from the evidence and all doubts are to be resolved against the moving party. *Stevenson,* 125 Idaho at 272, 869 P.2d at 1367.

■ Idaho Code § 5–218(4) states:

An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

In *Reis v. Cox*, 104 Idaho 434, 660 P.2d 46 (1982), this Court held that

[t]he time when a cause of action accrues may be a question of law or a question of fact, depending upon whether any disputed issues of material fact exist. Where there is no dispute over any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. On the other hand, where there is conflicting evidence as to when the cause of action accrued, the issue is one of fact for the trier of fact.... Thus, whether the trial court was correct in holding, as a matter of law, that plaintiff's claim was barred by the statute of limitations and in granting summary judgment depends on whether there were any disputed issues of material fact regarding when the plaintiff "[knew] or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of."

*Reis*, 104 Idaho at 438, 660 P.2d at 50 (citations omitted); see also *McCoy v. Lyons*, 120 Idaho 765, 773–75, 820 P.2d 360, 368–70 (1991).

■ At the hearing regarding Kimbrough's motion for summary judgment the district court recognized that a cause of action for fraud, under I.C. § 5–218(4), is "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." The district court then found that

[t]he evidence in this case and the basis— original basis of this lawsuit is that, and is stated in her deposition that—Mrs. Reed's deposition, that she was aware of the terms of the contract; and that's why we have this action now, is because she knew of the terms of the contract and they are not now being followed.

And therefore, based upon her own admissions that she knew and that she had been defrauded, and then the delay in filing this action until when it was filed in [*sic* ] July 30th, 1993, I think that the Statute of Limitations has ran [sic] under that code section.

In the present case Reed presented evidence that created an issue of material fact regarding when Reed knew or in the exercise of reasonable care should have known that Kimbrough had fraudulently induced her to enter into the sales agreement. Reed's August 31, 1994 deposition, indicated that sometime before May 15, 1989, Reed met with Clifford and that Reed and Clifford orally agreed that Reed would sell the property to Clifford for $60,000 if Clifford would grant Kimbrough a life estate in the residence and surrounding yard and would pay for all of Reed's costs except for electricity. Reed stated in her deposition that the reason she was willing to sell the property to Kimbrough for $60,000 was because Kimbrough told Reed she could live in the residence for the rest of Reed's life at no cost to Reed except for the cost of electricity.

Kimbrough disputed Reed's contention that there was an oral promise by Kimbrough to pay all of Reed's costs except electricity as part of her life estate. The written agreement between Reed and Kimbrough does not indicate any promise on the part of Kimbrough to pay all of Reed's expenses except electricity.

There is conflicting evidence in this case as to when Reed discovered or should have discovered the alleged fraud or mistake. The district court's decision dismissing Reed's action in fraud and mistake is vacated.

## V.

## CONCLUSION

We affirm the district court's decision dismissing Reed's claim that there was a constructive trust between Reed and Kimbrough. There was no factual predicate to support a finding that there was a constructive trust in this case. We affirm the district court's finding that there was no legal duty, pursuant to statute or the sales agreement, requiring Kimbrough or Reed to maintain

the pump. The district court's award of attorney fees is vacated. We affirm the district court's decision allowing jury instruction number 22 and refusing jury instruction numbers 30 and 31. We vacate the decision of the district court dismissing Reed's counterclaims for fraud and mistake and remand this case for proceedings consistent with this opinion. No attorney fees or costs are awarded on appeal.

JOHNSON, SILAK, and SCHROEDER, JJ., and BAIL, Justice Pro Tem, concur.