W. JONES, Justice,
dissenting.
I respectfully dissent from the majority Opinion because I believe the Court has ignored a strong line of precedent regarding parol evidence and the enforcement of deeds. It seems to me that the Court has judicially created an exception to the parol evidence rule in a refinancing situation regarding deeds between married couples. The Court gives no reasonable explanation why that situation should be treated differently than deeds between complete strangers or between husbands and wives in situations other than refinancing. This Court has long consistently held that a deed which is clear and unambiguous on its face cannot be challenged with parol evidence to show the intent of the parties. Howard v. Perry, 141 Idaho 139, 141-42, 106 P.3d 465, 467-68 (2005) (citing Kimbrough v. Reed, 130 Idaho 512, 515, 943 P.2d 1232, 1235 (1997)). I believe the magistrate court was entirely correct in its holding that this deed is clear and unambiguous on its face, which the majority does not dispute, and therefore parol evidence as to the intent of the grantor is inadmissible.
This case is nearly identical to Dunagan v. Dunagan, 147 Idaho 599, 213 P.3d 384 (2009), which was decided after this case was heard in the magistrate court and while on appeal to the district court. In that case, as here, the wife owned separate property that she acquired prior to marriage. Id. at 600, 213 P.3d at 385. Thereafter, during a second marriage she desired to refinance her separate property and in the course of refinancing, the lender, as here, required that she execute a quitclaim deed to herself and her husband and that her husband also sign the deed of trust and the promissory note. Id. When, as here, the couple later divorced, the *27 wife attempted to testify that it was never her intent to transfer an interest in her separate property, but the court rejected that testimony on the ground that the deed was clear and unambiguous and oral testimony regarding an alleged oral prenuptial agreement to keep the parties’ properties separate was inadmissible under the parol evidence rule and the statute of frauds. Id. at 603, 213 P.3d at 388. Indeed, in the Dunagan ease, the wife made an offer of proof that even after the execution of the deed to her and her husband, she paid the property taxes, mortgage payments, insurance and utilities from her separate property. Id. at 600, 213 P.3d at 385. Nevertheless, the magistrate court held that the deed effectively transmuted the property from separate property to community property. Id.
I recognize the wife in Dunagan did not appeal the ruling of the district court that the quitclaim deed transmuted the character of the property, but this Court’s Opinion in Dunagan nevertheless recognized the longstanding rule that oral evidence is not admissible to vary the terms of a deed, stating: “Here the deed is unambiguous and transmuted Kircher’s separate property to community property, but oral evidence which is not admissible to vary the terms of the deed is nevertheless admissible to show compelling reasons to justify an unequal division of that community property under I.C. § 32-712(1).” Id. at 603, 213 P.3d at 388 (emphasis added). This Court in Dunagan, therefore, held that the appropriate remedy for the wife was to seek an unequal distribution of the community property under I.C. § 32-712(1) which allows an unequal distribution of such property for “compelling reasons.” I believe that is also the appropriate remedy in the present case.
I believe there is no justifiable reason to distinguish refinancing from any other financial transaction regarding real property. Even assuming the Court’s Opinion is limited to refinancing, which is not entirely clear, it nevertheless creates a great deal of uncertainty in such transactions. It seems that under the Opinion of the Court, in any case involving refinancing, and perhaps even other financing, the grantor of a deed, whether it be the husband to the wife or the wife to the husband, can later seek to upset the transaction by contending that there was “no intent” to transfer an interest in the property. It seems the spouse seeking to avoid the transaction either in the financing or in a subsequent divorce, as here, could maintain that he or she had no intent to transfer the interest and did not understand either the significance of the deed or that he or she actually transferred an interest in the property. Such an attempt in this case is even more disturbing because it is done in the context of a divorce brought several years after the deed was executed. It is highly suspect that the wife only now asserts she did not understand what she was doing. If the parties to a refinancing agreement or other legal contract are concerned about the legal effects of such contract, it seems prudent that such person should seek legal advice regarding the documents and an explanation of exactly what significance they have. The wife did not seek to do so in the present case. It is to be presumed that she read the deed and understood what she was doing when she signed it. Liebelt v. Liebelt, 118 Idaho 845, 849, 801 P.2d 52, 56 (Ct.App.1990) (stating “[o]ne may be estopped by his own negligence to deny liability on a written instrument signed by him without having read it where he had an opportunity to read the instrument and was not fraudulently dissuaded or prevented from reading it.” (citing West v. Prater, 57 Idaho 583, 594, 67 P.2d 273, 278 (1937))).
Another significant factor in the present case is that the husband signed the deed of trust and promissory note for the loan thereby subjecting himself to individual liability for the debt, which there would be no reason for him to do if he was not receiving some interest in the property. His action clearly benefited the wife because she likely could not have obtained a loan without his doing so. It also seems grossly unfair that although payments were made on the loan by the wife from her separate account for a few years, for several years those payments were made from a joint account of community property. Under the Court’s Opinion, the husband paid a portion of those payments even though he might have no interest in the property. Ad *28 ditionally, the record discloses that from the time of the refinancing until the divorce, the husband managed the property, erected a fence on the property and performed other work on the property and during those years, the wife never questioned any ownership interest in the property by the husband. It was only when the divorce surfaced that the wife challenged the validity of the deed saying she had no idea she had transferred an interest in the property to her husband. Under the circumstances, it appears to me to be nothing more than a very convenient time to recollect that she had no such intention.
Another factor that is relevant to this particular case is that the wife admitted at trial that she knew and understood the effect of a deed was to transfer title to realty and therefore ownership in that realty. Additionally, the wife had significant previous experience in real estate transactions in which she bought, sold or transferred property with a deed. Moreover, on the same date the wife signed the Quitclaim Deed to her husband and herself, she jointly signed a deed with her husband for the transfer of two and a half acres of the same property to a third party. The wife makes no contention she did not understand that by executing that deed she was transferring an interest in the property to others. It is only regarding the Quitclaim Deed executed to her husband that she contends she never intended to transfer an interest in the property.
In the present case, the wife’s Quitclaim Deed complied with all statutory requirements for the conveyance of real property. Under I.C. § 55-604, “A fee simple title is presumed to be intended to pass by a grant of real property unless it appears from the grant that a lesser estate was intended.” Moreover, under I.C. § 55-606, “Every grant or conveyance of an estate in real property is conclusive against the grantor....” Specifically, with respect to real property transfers between husbands and wives, I.C. § 32-906(2) provides that “[p]roperty conveyed by one spouse to the other shall be presumed to be the sole and separate estate of the grantee and only the grantor spouse need execute and acknowledge the deed.... ” The decision in Hoskinson v. Hoskinson, 139 Idaho 448, 459-60, 80 P.3d 1049, 1060-61 (2003), upon which the majority Opinion relies, is clearly distinguishable from the present case in that there was an ambiguity created by the existence of two deeds in that case, whereas there is no ambiguity in the deed in the present case. In addition, the wife did not sign the promissory note in the Hoskinson case and therefore did not assume the obligations imposed upon the husband in the present case. Id. at 459, 80 P.3d at 1060.
This ease is more similar to Bliss v. Bliss, 127 Idaho 170, 898 P.2d 1081 (1995). In that case, the husband deeded property to his wife but testified in the context of a divorce, as here, that he had not intended to transfer his interest in the community property to his wife as separate property. Id. at 171-72, 898 P.2d at 1082-83. This Court noted, just as it should in the present ease, that the deed was in writing, signed by the grantor and included the name and address of the grantee and therefore constituted a valid conveyance of legal title to real property under I.C. § 55-601. Id. at 174, 898 P.2d at 1085. The Court then noted the presumption under I.C. § 32-906(2) that “[P]roperty conveyed by one spouse to the other shall be presumed to be the sole and separate estate of the grantee.” Id. The Court clearly rejected the husband’s oral testimony as to his intent under the parol evidence rule because the deed was plain and unambiguous, just as it is in the present case. See also Hall v. Hall, 116 Idaho 483, 484, 777 P.2d 255, 256 (1989) (rejecting parol evidence of the grantor’s intent to contradict the plain and unambiguous language of the deed).
Under the facts and circumstances of the present case, it seems clear to me, as a matter of law, the husband met his burden of proof to show a transmutation of the wife’s separate property to community property by clear and convincing evidence. Indeed, the only evidence presented to the trial court established a transmutation had occurred. There is no admissible evidence to contradict that transmutation since the only testimony offered by the wife was oral testimony, which is clearly barred by the parol evidence rule. Rowan v. Riley, 139 Idaho 49, 54, 72 P.3d 889, 894 (2003) (stating if the language of the *29 contract is plain and unambiguous, the intention of the parties must be determined from the contract itself (citing Simons v. Simons, 134 Idaho 824, 827, 11 P.3d 20, 23 (2000))). Accordingly, it is my opinion that this Court has deviated from historical precedent and created an unjustifiable exception to the statute of frauds and this Court’s previous case law, at least as to refinancing situations in the context of a divorce. Even if the Opinion is so limited, I expect this Court to be faced with numerous challenges to the validity of clear and unambiguous deeds on the ground that “Golly, gee, I didn’t realize I was transferring my property,” citing the majority Opinion in this case. Such self-serving statements are clearly suspect when they appear years after the execution of a deed and especially in a contested divorce proceeding. There is substantial competent evidence to support the magistrate court’s finding that a transmutation of this property from separate to community occurred by execution of the deed. If any relief is justified, it could only be by virtue of I.C. § 32-712(1) to consider awarding an unequal distribution of property for compelling reasons. Dunagan, 147 Idaho at 603, 213 P.3d at 388.